## Janet Maybin Brenner

### v.

## Lawyers Title Insurance Corporation

Record No. 891441

September 21, 1990

Present: Carrico, C.J., Compton, Stephenson, Russell and Whiting, JJ.,
and Poff, Senior Justice, and Cochran, Retired Justice

*William F. Etherington (Beale, Wright, Balfour & Davidson,* on briefs), for appellant.

*Robert W. Wooldridge, Jr. (Frederick H. Kruck, Jr.; McGuire, Woods, Battle & Boothe; Matricardi & Kruck,* on brief), for appellee.

JUSTICE COMPTON delivered the opinion of the Court.

In this action brought on a title insurance policy, the dispositive question is whether the insurer violated its contractual duty to defend suits founded upon alleged defects, liens, or encumbrances insured against by the policy.

In 1966, appellant Janet Maybin Brenner, then Janet Maybin Jonas, purchased property in the City of Alexandria described as Parts of Villa Site "A" and Lot 28, Block 23, Section 4 of the Rosemont subdivision. The eastern 50 feet of the property was subject to a storm sewer easement previously conveyed to the City. That easement is shaped like a parallelogram lying generally northwest to southeast diagonally across the Brenner property. At the time of the purchase, appellee Lawyers Title Insurance Corporation issued an owner's policy to Jonas as the named insured insuring the title to the property.

By deed dated in March 1982, Robert and Linda Preshlock purchased property adjoining Brenner's to the east from Charles C. and Augustine C. Walker. In January 1984, an attorney for the Preshlocks wrote Brenner claiming that the Preshlocks had an easement by prescription over a portion of Brenner's property. The portion subject to the claim was at the southeastern tip of the parallelogram where part of a driveway crossed which provided an outlet from the Preshlocks' property to a public street.

In March 1984, the Preshlocks brought a chancery suit against Brenner and the City asking the trial court to determine that they had acquired a prescriptive easement to the outlet. Brenner forwarded the suit papers and exhibits, including a copy of the Walker to Preshlock deed, to the title insurer and called upon it to defend the suit on her behalf. The insurer refused.

Subsequently, the trial court sustained Brenner's demurrer, granted the City summary judgment, and dismissed the Preshlocks' bill of complaint. The court ruled that no prescriptive

right could be acquired in property affected with a public interest or dedicated to a public use.

In September 1984, Brenner filed the present action against the insurer based on the insurer's alleged breach of its duty to furnish a defense to the Preshlock suit. In two counts, the plaintiff sought recovery in damages for breach of contract and a declaratory judgment that the insurer had a duty to defend the Preshlock suit. In July 1986, the plaintiff filed an amended motion for judgment, adding a third count asserting a tortious bad faith refusal to defend.

In the meantime, the Preshlocks appealed the dismissal of their suit. In November 1987, we reversed the trial court, ruling that the Preshlocks could acquire Brenner's rights in the portion of the driveway by prescription, which rights would be subject to the rights of the City. *Preshlock* v. *Brenner*, 234 Va. 407, 411, 362 S.E.2d 696, 698 (1987). Concluding that the trial court erred in sustaining Brenner's demurrer, we remanded the suit for further proceedings.

In January 1989, after a trial in the Preshlock suit, the court below ruled against Brenner, held that the Preshlocks had acquired a prescriptive easement to the portion of the driveway in issue, and permanently enjoined Brenner from interfering with the prescriptive rights.

In May 1989, a jury trial of the present action was held and, at the conclusion of the plaintiff's evidence, the court sustained the insurer's motion to strike the evidence. In July 1989, we refused Brenner's petition for appeal to the judgment entered upon remand in *Preshlock*. In August 1989, the trial court entered summary judgment in the present action in favor of the insurer. In January 1990, we awarded Brenner this appeal from that order.

The pertinent provisions of the title policy in question should be summarized. In the insuring agreement, the company promised to insure "against loss or damage" not exceeding a specified amount, "together with costs, attorneys' fees and expenses which the Company may become obligated to pay as provided in the Conditions and Stipulations" of the policy, "which the Insured shall sustain by reason of . . . any defect in or lien or encumbrance on the title to the estate or interest covered hereby in the land described . . . existing at the date hereof. . . ."

The policy also provided that it did not insure against loss or damage by reason of: "Encroachments, . . . . or any matters not of

record which would be disclosed by an accurate survey and inspection of the premises" (the Survey Exception).

Additionally, the policy excluded from the coverage "loss or damage" by reason of: "Defects, liens, encumbrances, adverse claims against the title as insured or other matters . . . attaching or created subsequent to the date" of the policy (the Post-Policy Exclusion).

Finally, the policy provided that: "The Company, at its own cost and without undue delay, shall provide for the defense of the Insured in all litigation consisting of actions or proceedings commenced against the Insured . . . which litigation . . . is founded upon an alleged defect, lien or encumbrance insured against by this policy, and may pursue such litigation to final determination in the court of last resort."

Settled principles apply to an insurer's duty to defend under policy conditions like those in this case. The insurer's obligation to defend is broader than its obligation to pay. *Lerner* v. *General Ins. Co. of America*, 219 Va. 101, 104, 245 S.E.2d 249, 251 (1978). The obligation to defend arises whenever the complaint against the insured alleges facts and circumstances, some of which, if proved, would fall within the risk covered by the policy. *Id.* However, if it appears clearly that the insurer would not be liable under its contract for any judgment based upon the allegations, "it has no duty even to defend." *Travelers Indem. Co.* v. *Obenshain*, 219 Va. 44, 46, 245 S.E.2d 247, 249 (1978).

The duty to defend is to be determined initially from the allegations of the complaint. But if it is doubtful whether the case alleged is covered by the policy, the refusal of the insurer to defend is at its own risk. *London Guar. Co.* v. *White & Bros., Inc.*, 188 Va. 195, 199-200, 49 S.E.2d 254, 256 (1948). And, if it be shown subsequently upon development of the facts that the claim is covered by the policy, the insurer necessarily is liable for breach of its covenant to defend. *Id.* at 200, 49 S.E.2d at 256.

As we review the facts developed at trial, attention should be focused upon the precise nature of the Preshlocks' claim and whether the claim was for prescriptive rights to the driveway portion or to the entire area of Brenner's property which was subject to the City's easement. Brenner first learned of the claim upon receipt of the attorney's January 1984 letter. The relevant portion of the letter stated: "Obviously, Mr. Preshlock has an easement by prescription over the portion of the property in question, as it has

been used as a driveway for a period in excess of forty-three years." Brenner promptly forwarded a copy of this letter to the insurer along with a copy of a 1962 plat showing the southeast corner of her property and a "CONCRETE DWY." crossing it. The insured wrote: "At my SE corner there is an old concrete driveway, crossing a triangle of my property and also crossing the City's easement." The remainder of the letter referred to her discussions with Mr. Preshlock about the "driveway" and the "triangle."

Claims counsel for the insurer immediately responded to the insured's letter, noting it would conduct an investigation of the "potential claim" and calling attention to the Survey Exception. In March 1984, claims counsel wrote the insured that the claim of prescriptive easement across her property was "not covered by your policy."

When the Preshlock suit was filed in March 1984, as we have noted, the insured sent the bill of complaint and exhibits to the insurer with a request for the company's "legal help in this matter." The Preshlock complaint asserted: "There is a driveway running from plaintiffs' property which continues through a portion of defendant, Janet M. Brenner's land and conterminous with a portion of the easement of the City of Alexandria, to the public road . . . . The driveway is the only outlet from the plaintiffs' land to" the public road. The complaint went on to assert that the Preshlocks and their predecessors in interest "have used the driveway" for the prescriptive period, and that Brenner had threatened to block access to the "driveway." The complaint also alleged that the threatened obstruction "of the driveway" would cause irreparable injury. The Preshlocks asked for a temporary and permanent injunction based on a determination that they had acquired prescriptive rights to the "free and dominant use of the driveway."

The 1982 Walker to Preshlock deed, a copy of which was sent to the insurer with the Preshlock suit papers, described the property conveyed as, "All of lot TWENTY-EIGHT (28) Block TWENTY-THREE (23), Section Four (4), of the Subdivision of ROSEMONT . . . ." The final paragraph of that deed provided:

"Further, the Grantors hereby convey and quitclaim unto the Grantees as tenants by the entirety with common law right of survivorship all of the Grantor's [sic] right, title, and interest in and to that portion of Villa Site "A" which lies on

the land subject to an easement granted to the City of Alexandria in Deed Book 94 at page 196, which lands have been continuously occupied and maintained by the Grantors for a period of more than twenty years."

The Walker quitclaim does not refer to the driveway only but to most of the parallelogram and to an area considerably larger than the area included in the driveway portion.

The amended motion for judgment repeated the allegations of the original motion and, in the added bad-faith count, sought damages for a tortious refusal to defend, without making any specific reference to the driveway portion or any other, larger area.

In sustaining the motion to strike the plaintiff's evidence, the trial court stated from the bench: "The Court finds that even considering the evidence in the light most favorable to the Plaintiff, . . . there has not been shown any breach of contract on the part of the Defendant." In the August 1989 order entering summary judgment for the insurer, the trial court noted certain admissions of fact made by Brenner. She "admitted" that she knew of the existence of the driveway at the time she purchased the insured property; that she had possession of the 1962 survey which disclosed the existence of the driveway; and, that a survey performed in 1966 would have disclosed the driveway. After referring to the Survey Exception, the court ruled that the insured could not recover "as a matter of law."

On appeal, the insured maintains, first, that the trial court erred in applying the Survey Exception and in ruling that the insurer had no duty to defend. The insured argues, "Lawyers Title's duty to defend arose at the time it was presented with the Walker quitclaim and the Bill of Complaint of the Preshlocks." The insured contends that the Preshlock complaint, which incorporated the Walker to Preshlock deed containing the quitclaim, "states the claim under which the Preshlocks were operating: the Walker quitclaim affects an area 100 times greater than the driveway, and on its face creates a cloud on title." She says that the "survey exception is applicable to but 1% of the quitclaimed area and cannot obviate Lawyers Title's duty as to the whole," because, she notes, the "quitclaimed area would not have been shown by any survey." Continuing, the insured urges that, under a so-called "two-part analysis," the insurer "had a duty to defend against the broad quitclaim language and the cloud on title it created, as well

as the companion claim as to the driveway, since the duty to defend extended to the occurrence (the Walker to Preshlock deed) and any claims arising therefrom." We do not agree.

■ The complete answer to the insured's argument is that the Preshlock claim was confined to an assertion of prescriptive rights to the driveway portion only, and not to the whole area referred to in the quitclaim. Under the title policy, the insurer was obligated to provide for the defense of the insured "in all litigation consisting of actions or proceedings commenced against the Insured . . . founded upon an alleged . . . encumbrance insured against." In the Preshlock "litigation," the only reference in the bill of complaint to the deed containing the quitclaim was in paragraph 1 where the plaintiffs asserted that they were owners of their property "by virtue of" the Walker deed. But the entire bill of complaint focused on the driveway portion and contained no allegations relying upon the language of the quitclaim. Significantly, the prayer for relief related solely to the driveway portion. And, in the pre-litigation correspondence, the driveway was the subject of the controversy, not any other or larger portion of the property insured.

We have not overlooked the fact that Brenner, after remand in *Preshlock* as best we can determine from the record before us, filed a cross-bill in that suit seeking reformation of the Walker quitclaim. The alleged cloud on title of the larger area emerged at that time in the litigation. But that issue was raised by the insured and was not the subject of the Preshlocks' claim against the insured in the litigation, upon which the insurer's contractual duty to defend must be determined. The mere fact that the Preshlocks could have made a claim against Brenner for which there may have been coverage under the policy is irrelevant in determining whether there was a duty to defend. Any such duty must be determined by the claim actually made.

■ Therefore, to summarize, we conclude that the Preshlock allegations in the litigation concerned only the driveway portion. Further, any claim relating solely to the driveway portion was excluded from coverage under the Survey Exception because it is undisputed that the driveway and its use "would have been disclosed by an accurate survey and inspection of the premises," in the language of the Exception. Indeed, Brenner testified that she was aware that the Preshlocks and their predecessors in interest used the driveway daily "much as though it had been a public

street." Thus, the insurer had no duty to defend because it appears clearly that it would not be liable under its contract for any judgment based upon the allegations of the Preshlock complaint.

■ The foregoing ruling disposes of the insured's other contentions. She argues that the insurer is not entitled to rely on the Post-Policy Exclusion because, although the 1982 quitclaim was recorded after the date of the 1966 policy, the 20-year Walker interest was "in place" at least by 1962 or before. But, where the policy excludes coverage on one basis, the Survey Exception, the applicability of another provision negating coverage, the Post-Policy Exclusion, becomes irrelevant, and a ruling on the issue becomes moot.

■ The insured also argues that the trial court erred in striking her evidence on the bad-faith issue. There can be no bad faith in refusing to defend where there is no coverage under the policy.

■ Finally, the insured argues that the trial court erred in refusing to admit as evidence in the instant trial the ruling made upon remand of *Preshlock* which, according to her, disclosed the "real nature of the Preshlock claim" as one which "went beyond a mere driveway." The remand ruling was that the quitclaim was a cloud on Brenner's title, and the court ordered it deleted from the land records.[1] But, as we have said, the determination of the "real nature" of the Preshlocks' claim must be based upon an analysis of their pleadings and the relief sought in the litigation, not upon a court ruling in a claim prosecuted by the insured. Therefore, the proffered evidence was irrelevant and properly refused.[2]

Consequently, we hold there was no error in the rulings below, and the judgment in favor of the insurer will be

*Affirmed.*

---

[1] The court also reformed the Walker to Preshlock deed to except from the conveyance the southwest corner of Lot 28 because of the original description "All of lot TWENTY-EIGHT."

[2] We find no merit in the insurer's assignment of cross-error which attacks the denial of its post-trial motion for an award of expenses pursuant to Rule 4:12(c) (party failing to admit truth of any fact as requested may be liable for reasonable expenses incurred by adverse party in thereafter proving such fact). We cannot say the trial court abused its discretion, under the circumstances of this case, by refusing to require the insured to reimburse the insurer for the expense of having a surveyor available for trial to establish that the driveway would have been disclosed by an accurate survey. The insured admitted the fact at trial after having refused to admit it pre-trial in response to requests for admissions.