## CIRCUIT COURT OF THE CITY OF RICHMOND

Norborne Nicholas Reams, Sr.,
and Virginia D. Reams

v.

Southern Title Insurance Corp.

October 31, 1997

Case No. LC 1820-3

BY JUDGE T. J. MARKOW

This case is before the court on demurrer. For the reasons stated below, the demurrer is overruled.

The plaintiffs are Norborne Nicholas Reams, Sr., and Virginia D. Reams, owners of a parcel of land located in Powhatan County, Virginia. The defendant is Southern Title Insurance Corp., issuer of a residential title insurance policy on the plaintiffs' Powhatan tract. This parcel contains 205.81 +/- acres according to the June 13, 1985, survey performed by John R. Nunnally, Land Surveyor, a copy of which is recorded in the Clerk's Office of the Circuit Court of Powhatan County.

Subsequent to the plaintiffs' purchase of the Powhatan tract and the issuance of the title insurance policy by the defendant, the Circuit Court of Powhatan County awarded Edmund C. Burrus and others an easement by prescription and an easement by necessity over the Reams' property on March 8, 1994. *See generally Davis v. Henning*, 250 Va. 271, 276 (1995) (criteria for establishing easement by necessity); *Chaney v. Haynes*, 250 Va. 155, 158-59 (1995) (factors for judicial establishment of prescriptive easement). Defendant refuses to pay plaintiffs for the diminution in value of their property which was caused by the easement. Plaintiffs brought suit to enforce payment.

Title insurance policy number R 2856 was issued to the plaintiffs on April 25, 1986, for the face amount of $80,000. Insurer "will pay up to [policyholder's] actual loss or the Policy Amount in force when the claim is

made, whichever is less." The "Covered Title Risks" includes easements that affect the insureds' title as of the policy date. "Easement" is defined in the policy as "the right of someone else to use your land for a special purpose." However, defects, liens, encumbrances, adverse claims, or other matters (e.g., easements) attaching or created subsequent to Date of Policy are expressly excluded. Finally, Schedule B includes a survey exception which states that, in addition to the "Exclusions," unrecorded easements which would be disclosed by an accurate survey and inspection of the premises are not covered by the policy.

"A demurrer admits the truth of all material facts that are properly pleaded." *Bowman v. State Bank of Keysville*, 229 Va. 534, 536 (1985). Only those grounds specifically stated in the demurrer will be considered by this court. *Klein v. National Toddle House Corp.*, 210 Va. 641 (1970). Southern Title contends that plaintiffs' pleadings fail to state facts upon which relief can be granted on this claim. Va. Code § 8.01-273. This argument is based upon the defendant's contention that the plaintiffs are not entitled to recovery because the risks of harm which they allegedly suffered are excluded from coverage under the title insurance policy, as the easement by necessity was not determined until after the policy was issued and as the easement by prescription could have been identified by a survey or by an inspection of the property.

In *Carstensen v. Chrisland Corp.*, 247 Va. 433, 442 (1994), the Virginia Supreme Court stated that an easement by necessity is "inchoate" (i.e., imperfect or incomplete) until it is established by a judicial order. The *Carstensen* plaintiffs argued that the purported easement was covered under their title insurance policy and that the policy exclusion did not apply to an easement by necessity. *Id.* at 441. The key policy provision excluded coverage for title defects "attaching or created subsequent to Date of Policy." The Supreme Court held that although an easement by necessity arises "legally" at the time the dominant tract is severed from the servient tract, it remains inchoate until established by judicial decree. *Id.* at 442. As the judicial decree which declared the existence and location of the easement was not entered until after the Date of Policy, it did not "attach" or was not created until after the policy was issued; therefore, the easement was excluded from coverage. In addition, the policy excluded all unrecorded easements which could have been ascertained by inspection. *Id.*

It must be kept in mind that before this court, as before the Virginia Supreme Court in *Carstensen*, is the construction of a specific contract. *Carstensen* held only that, in construing the policy before it, easements by

necessity described by a court after the date of the policy were not covered title defects.

In the instant case, Plaintiffs contended at the hearing on demurrer that the policy at issue in *Carstensen* is distinct from the disputed provisions here, such that the *Carstensen* rule is inapplicable. Counsel has provided copies of the policy construed in *Carstensen*. The court has reviewed the relevant material and finds plaintiffs' position to be correct; the pertinent contract language is distinguishable from the policy issued here. The *Carstensen* policy insured against "[a]ny defect in or lien or encumbrance on the title." The following items were excluded:

> [d]efects, liens, encumbrances, adverse claims or other matters ... not known to the Company, *not recorded* in the public records at Date of Policy, but known to the insured claimant and not disclosed in writing to the Company ... prior to the [coverage] date ... [or] *(d) attaching* or *created* subsequent to Date of Policy.

In addition, in Schedule B of the *Carstensen* policy, the company disclaimed coverage for "1. [a]ny ... claims which are *not shown by the public records* but which could have been ascertained by an inspection of said land or by making inquiry of persons in possession thereof" and "5. easements, if any, *not shown of record.*"

The Reams' policy in this case covers easements that *affect* title as of the coverage date and excludes title risks "that *first affect* [the] title *after* the Policy Date." Also unrecorded easements which would be disclosed by an accurate survey and inspection of the premises are excluded from coverage.

The language of a title insurance policy should be construed in accordance with the common understanding of the words. *Marandino v. Lawyers Title Ins. Corp.*, 156 Va. 696, 699 (1931). Whereas the *Carstensen* outcome turned on the words "attaching or created" in order to buttress the "inchoate" versus "judicially established" status of an easement by necessity, the language in the instant case leads to a contrary outcome. The easement by necessity burdening the Reams' property "affected" the tract prior to the 1986 Policy Date, even though court recognition did not occur until 1994. Such an easement arose by operation of law at the time the Reams' parcel was severed from the dominant tract. In other words, this encumbrance existed prior to the plaintiffs' acquisition of the Powhatan tract and purchase of the title insurance policy from the defendant. At the time the policy was issued it affected title.

Contrary to the defendant's contention, there is no basis on demurrer for this court to determine whether the unrecorded easement by necessity would

have been disclosed by an accurate inspection prior to the Policy Date, such that the survey exception could be invoked. That is not a fact which may be considered on demurrer, as it is not pleaded.

*Carstensen* is not dispositive of the *prescriptive* easement issue in this case. Justice Lacy refrained from including prescriptive easements under the umbrella of "inchoate" encumbrances. However, in *Brenner v. Lawyers Title Insurance Corp.*, 240 Va. 185, 192 (1990), the Court held that a title insurance policy "survey exception" excluded coverage for a prescriptive easement which would have been disclosed by an accurate survey. The survey exception stated that "[e]ncroachments ... or any matters not of record which would have been disclosed by an accurate survey and inspection of the premises" are not insured by Lawyers Title. *Id.* at 188-89. Thus, the issue of whether the prescriptive easement was "in place" at the policy date and not subject to a "post-policy exclusion" was mooted by the survey exception to the Brenners' policy. *Id.* at 193.

In the instant case, plaintiffs' policy includes an identical survey exception in Schedule B. The Reams chose to rely upon the April 1985 survey recorded with Powhatan County, a document which makes no mention of the prescriptive easement later obtained by Mr. Burrus and others in 1994. Although an up-to-date and accurate survey of the Powhatan tract in 1986 *might* have disclosed the existence of this easement (as the plaintiffs' 1986 policy date was within the twenty-year prescriptive period endorsed by the Powhatan County Circuit Court in 1994), this matter is not determinable from the pleadings.

As a final matter, even if the plaintiffs were able to recover under the policy for the diminution in value of the property that they allegedly suffered and claim here, they are prohibited from recovering more than the $80,000 "amount of insurance" indicated on the face of the document. The coverage amount is clear and unambiguous.

In conclusion, the demurrer is overruled.