# CIRCUIT COURT OF ARLINGTON COUNTY

General Agents
Ins. Co. of Am.

v.

George A. King et al.

June 23, 1998

Case No. 97-753

BY JUDGE JOANNE F. ALPER

Plaintiff has filed a Motion for Declaratory Judgment pursuant to Va. Code § 8.01-184 seeking a declaration that the insurance policy for garage operations which it issued to defendant George A. King, d/b/a Frank's Towing & Recovery, ("the policy") does not require plaintiff to either defend or provide coverage to its insured for the claims set forth in the case of *Zavareei v. AKA Corp., d/b/a Frank's Towing and Recovery, et al.*, Law No. 97-867, pending in this Court ("underlying action"). Plaintiff's Motion for Declaratory Judgment alleges that since the policy only provides coverage to Frank's Towing and Recovery for injury or damages from "accidents" and expressly excludes from coverage injury or damage "intended or expected from the standpoint of the insured ... ," the policy provides no coverage or defense for the underlying action.

The underlying action seeks damages from the defendants therein for claims of assault and battery, false imprisonment, conversion, and intentional infliction of emotional distress. Plaintiff argues that since each of these causes of action requires a specific intent, the claims of the plaintiff in the underlying action do not involve an "accident" as required by the terms of the policy, and therefore, the insurance company has neither a duty to defend nor to pay any award which may result to the plaintiff in the underlying action.

The relevant section of the insurance contract, Section II(B)(1) entitled "Exclusions" states as follows.

B. This insurance does not apply to any of the following:

    1. Expected or Intended Injury

    "Bodily injury" or "property damage" expected or intended from the standpoint of the "insured." But for "garage operations" other than covered "autos," this exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

Counsel for Frank's Towing argues that in defense of the underlying action, he will demonstrate that plaintiff therein was a trespasser, and any actions of defendants' employees were taken with "reasonable force to protect persons and property." Accordingly, counsel for defendant Frank's Towing maintains that the action for declaratory judgment is premature.

In order for the Motion for Declaratory Judgment to be granted, the Court must find from the bare record herein that there is no basis upon which any of the allegations or defenses in the underlying suit may fall within the parameters of the policy and therefore that the insurance company has no duty either to defend the action or to pay any damages which may flow therefrom. As the Supreme Court stated in the case of *Brenner v. Lawyers Title Ins. Corp.*, 240 Va. 185, 189 (1990), "The insurer's obligation to defend is broader than its obligation to pay. [Citations omitted.] The obligation to defend arises whenever the complaint against the insured alleges facts and circumstances, some of which, if proved, would fall within the risk covered by the policy."

It is settled that an insurer is relieved of the duty to defend "only when it clearly appears from the initial pleading the insurer would not be liable under the policy contract for *any* judgment based upon the allegations." *Reisen v. Aetna Life and Casualty Co.*, 225 Va. 327 (1983) (emphasis in the original); citing *Travelers Indemnity Co. v. Obenshain*, 219 Va. 44 (1978). Although the Motion for Judgment in the underlying case alleges four causes of action, each of which requires specific intent, the exclusionary language of the policy raises the possibility that in defense of the underlying action, a claim could be made by Frank's Towing that the acts of its employees resulted from the use of reasonable force to protect persons or property.

Accordingly, the Motion for Declaratory Judgment is premature. This action will be stayed pending the resolution of the underlying action, after which the coverage issues can be fully and completely determined.