<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-1944**

_____

THE TRAVELERS INDEMNITY COMPANY OF AMERICA,

Plaintiff – Appellant,

v.

PORTAL HEALTHCARE SOLUTIONS, L.L.C.,

Defendant – Appellee.

-----------------------------

AMERICAN INSURANCE ASSOCIATION; COMPLEX INSURANCE CLAIMS
LITIGATION ASSOCIATION,

Amici Supporting Appellant.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Gerald Bruce Lee, District
Judge.  (1:13-cv-00917-GBL-IDD)

_____

Argued: March 24, 2016                    Decided: April 11, 2016

_____

Before KING, DIAZ, and HARRIS, Circuit Judges.

_____

Record supplemented and judgment affirmed by unpublished per
curiam opinion.

_____

**ARGUED:**   G. Eric Brunstad, Jr., DECHERT LLP, Hartford,
Connecticut, for Appellant.  John Janney Rasmussen, INSURANCE
RECOVERY LAW GROUP, PLC, Richmond, Virginia, for Appellee.  **ON
BRIEF:** Kate M. O'Keeffe, DECHERT LLP, Hartford, Connecticut;
John Becker Mumford, Jr., Kathryn Elizabeth Kasper, HANCOCK,

DANIEL, JOHNSON & NAGLE, P.C., Glen Allen, Virginia, for Appellant. Laura A. Foggan, Matthew W. Beato, WILEY REIN LLP, Washington, D.C., for Amici Curiae.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The Travelers Indemnity Company of America appeals from an order entered in the Eastern District of Virginia directing it to defend its insured, Portal Healthcare Solutions, L.L.C., against a civil lawsuit pending in New York state court. As explained below, we are satisfied to supplement the record on appeal and affirm the judgment on the reasoning of the district court. See Travelers Indem. Co. of Am. v. Portal Healthcare Sols., L.L.C., 35 F. Supp. 3d 765 (E.D. Va. 2014) (the "Opinion").

I.

On April 18, 2013, Dara Halliday and Teresa Green filed a class-action complaint in New York on behalf of themselves and others (the "class-action complaint"). The class-action complaint alleges that Portal and others engaged in conduct that resulted in the plaintiffs' private medical records being on the internet for more than four months. During the alleged tortious conduct, Portal was the insured under two insurance policies issued by Travelers, one that spanned the period from January 2012 to January 2013, and another that ran from January 2013 to January 2014 (together, the "Policies").

On July 30, 2013, Travelers sued Portal in the Eastern District of Virginia, seeking a declaration that it is not

3

obliged to defend Portal against the claims in the class-action complaint. That is so, Travelers maintains, because the class-action complaint fails to allege a covered publication by Portal. Travelers and Portal each moved for summary judgment on the duty-to-defend issue. On July 17, 2014, the district court ruled from the bench that Travelers is duty bound under the Policies to defend Portal against the class-action complaint. It thus granted summary judgment in favor of Portal, as memorialized in its Opinion. This appeal ensued, and we possess jurisdiction pursuant to 28 U.S.C. § 1291.

II.

Although not raised in the district court, we noted a potential defect in the declaratory judgment proceedings concerning subject matter jurisdiction. In its complaint for declaratory relief, Travelers avers that it is a Connecticut corporation and that Portal is a limited liability company organized and existing under the laws of Nevada, with its principal place of business in Virginia. According to Travelers, the district court possessed subject matter jurisdiction pursuant to 28 U.S.C. § 1332, based on diversity of citizenship.

Because Portal is a limited liability company rather than a corporation, however, its citizenship for purposes of diversity

4

jurisdiction turns not on its place of formation or principal place of business, but on the citizenship of Portal's members. See Cent. W. Va. Energy Co. v. Mountain State Carbon, L.L.C., 636 F.3d 101, 103 (4th Cir. 2011); accord Johnson v. Columbia Props. Anchorage, L.P., 437 F.3d 894, 899 (9th Cir. 2006) (collecting rulings of various courts of appeals that limited liability companies possess citizenship of their members for purposes of diversity jurisdiction). Neither Travelers's complaint nor the original record on appeal revealed the citizenship of Portal's members. Accordingly, on March 9, 2016, our Clerk asked the parties to address subject matter jurisdiction at oral argument.

On March 21, 2016, three days prior to oral argument, the parties sought to supplement the record on appeal with a Stipulation, pursuant to Federal Rule of Appellate Procedure 10(e), identifying Portal's three members and stipulating that one was a citizen of Virginia and that the two others were foreign nationals when Travelers filed its complaint. As a result, Travelers and Portal agreed that they are completely diverse for purposes of § 1332 jurisdiction. Consistent with the statutory prescription that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts," see 28 U.S.C. § 1653, we hereby grant the Rule 10(e) motion to supplement the record on appeal. We are

5

now also satisfied that Travelers and Portal have adequately established diversity jurisdiction. See Trans Energy, Inc. v. EQT Prod. Co., 743 F.3d 895, 901 (4th Cir. 2014).*

III.

Turning to the substance of Travelers's appeal, we commend the district court for its sound legal analysis. The court correctly explained that it was required under Virginia law to "follow the 'Eight Corners' Rule" by looking to "the four corners of the underlying [class-action] complaint" and "the four corners of the underlying insurance policies" to determine whether Travelers is obliged to defend Portal. See Travelers, 35 F. Supp. 3d at 769 (relying on Fuisz v. Selective Ins. Co., 61 F.3d 238, 242 (4th Cir. 1995)). The court also made clear

---

* It is not uncommon that litigants and trial courts fail to identify and litigate jurisdictional issues. See, e.g., Stahle v. CTS Corp., ___ F.3d ___, No. 15-1001, 2016 WL 806087, at *2 n.1 (4th Cir. Mar. 2, 2016). In such circumstances, certain of our sister circuits remand "for further development of the jurisdictional record." See Siloam Springs Hotel, L.L.C. v. Century Sur. Co., 781 F.3d 1233, 1239 (10th Cir. 2015); Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1020-21 (11th Cir. 2004) (per curiam). We encourage litigants and their counsel — as well as the district courts — to resolve jurisdictional omissions promptly, before addressing other aspects of disputes that the federal courts may lack the power to decide. See United States v. Wilson, 699 F.3d 789, 793 (4th Cir. 2012) (explaining that, absent subject matter jurisdiction, "a court can only decide that it does not have jurisdiction").

that, "[u]nder Virginia law, an insurer's duty to defend an insured 'is broader than its obligation to pay' or indemnify an insured," see id. (quoting Brenner v. Lawyers Title Ins. Corp., 397 S.E.2d 100, 102 (Va. 1990)), and that the insurer must "use 'language clear enough to avoid . . . ambiguity' if there are particular types of coverage that it does not want to provide," see id. (quoting St. Paul Fire & Marine Ins. Co. v. S.L. Nusbaum & Co., 316 S.E.2d 734, 736 (Va. 1984) (per curiam)).

Applying the foregoing principles, the Opinion concluded that the class-action complaint "at least potentially or arguably" alleges a "publication" of private medical information by Portal that constitutes conduct covered under the Policies. See Travelers, 35 F. Supp. 3d at 771 (internal quotation marks omitted). Such conduct, if proven, would have given "unreasonable publicity to, and disclose[d] information about, patients' private lives," because any member of the public with an internet connection could have viewed the plaintiffs' private medical records during the time the records were available online. See id. at 772 (internal quotation marks omitted and alteration in original).

Put succinctly, we agree with the Opinion that Travelers has a duty to defend Portal against the class-action complaint. Given the eight corners of the pertinent documents, Travelers's efforts to parse alternative dictionary definitions do not

7

absolve it of the duty to defend Portal.  <u>See</u> <u>Seals v. Erie Ins. Exch.</u>, 674 S.E.2d 860, 862 (Va. 2009) (observing that the courts "have been consistent in construing the language of [insurance] policies, where there is doubt as to their meaning, in favor of that interpretation which grants coverage, rather than that which withholds it" (quoting <u>St. Paul Fire & Marine Ins. Co.</u>, 316 S.E.2d at 736)).

Having carefully assessed the record and the written submissions, together with the argument of counsel, we discern no error.  We are therefore content to affirm the judgment on the reasoning of the district court.

<u>RECORD SUPPLEMENTED AND JUDGMENT AFFIRMED</u>