# Richmond.

ADAMS, TRUSTEE, AND OTHERS v. TIDEWATER RAILWAY CO.

January 30, 1908.

1. RAILROADS—*Private Crossings—Proceeding under Code* (1904) *Sec.*
   1294b (2).—The fact that owners of land adjacent to a railroad in
   their written request to the company demanded eight crossings,
   while they only designated two in their notice for the appointment
   of commissioners under Sec. 1294b (2), Code 1904, is not such
   evidence of bad faith on their part as will warrant the trial court
   in refusing to appoint commissioners. The railroad company is
   not prejudiced by the application for only two of the crossings.
2. RAILROADS—*Private Crossings—Roads under Construction.*—The statute
   providing for the appointment of commissioners to determine
   whether a railroad company shall be compelled to construct wagon
   ways across its right of way for the use of abutting owners applies
   as well to railroads in process of construction as to those in actual
   operation. The statute is remedial, and should receive a reason-
   able construction so as to effect the ends for which it was enacted.

Error to a judgment of the Circuit Court of Campbell county
in a proceeding by motion to appoint commissioners to establish
private crossings of a railroad. Judgment for the defendant.
Plaintiffs assign error.

*Reversed.*

The opinion states the case.

*A. S. Hester* and *Fred Harper,* for the plaintiffs in error.

*Harrison & Long* and *Robertson, Hall & Woods,* for the de-
fendant in error.

WHITTLE, J., delivered the opinion of the court.

The defendant in error, by condemnation proceedings, acquired title to a strip of land for a right of way for its railroad, extending a considerable distance through a boundary of land belonging to the plaintiffs in error, which was devoted to agricultural purposes. Whereupon, the land-owners served a written request upon the company, soliciting the construction of certain wagon-ways across the right of way, for the convenient use of the property. The company ignored the request, and, after the lapse of ten days, the plaintiffs in error gave formal notice of their purpose to apply to the circuit court for the appointment of commissioners, under section 1294b (2), Va. Code, 1904, to go upon the land in question and determine whether the wagon-ways demanded ought to be constructed.

On the return day of the notice, the court heard evidence touching the matter in controversy, and denied the application, and entered final judgment against the applicants, to which ruling this writ of error was allowed.

So much of the act as is relevant to the question at issue is as follows: "It shall be the duty of every railroad * * * corporation, whose road * * * passes through the lands of any person in this state, to provide proper and suitable wagon ways across said road, * * * from one part of said land to the other, and to keep such ways in good repair. Such ways shall be constructed on the request of the land-owner, in writing, made to any section master, agent or employee of such company, having charge and supervision of the railroad * * * at that point, and shall designate the points at which the wagon ways are desired; * * * If the company fail or refuse for ten days after such request to construct wagon ways of a convenient and proper character at the places designated, then the owner, having given ten days' notice in writing, as aforesaid, may apply to the circuit court of the county * * * wherein the said land is

located for the appointment of three disinterested persons whose
lands do not abut on said railroad, * * * who shall constitute a
board of commissioners, whose duty it shall be to go upon the
land and determine whether the wagon ways asked for should
be constructed. Their decision shall be in writing and, if favor-
able to the land owner, it shall set forth the points at which the
wagon ways should be constructed, giving also a description of
what should be done by the company to make a suitable and con-
venient way. The decision of the commissioners shall be re-
turned to and filed in the clerk's office of such court, and when
called up at the next or any succeeding term of said court, it
shall be confirmed, unless good cause is shown against it by the
company, either party to have the right to appeal to the supreme
court of appeals from the judgment of the said court * * *"

The company relies upon the circumstances that the land
owners in their written request, demanded eight crossings, while
they only designated two in the notice for the appointment of
commissioners, as such evidence of bad faith on their part as
warranted the court in denying the commission. We do not
think the record sustains that inference, or that the company
was prejudiced by or can complain of the course of the proprie-
tors in waiving their right to all the crossings except the two
specifically described in the notice.

A proper case was presented for the appointment of com-
missioners, and the action of the court in overruling the motion
and primarily substituting its own judgment for the judgment
of the commissioners was in violation of the statute, by the ex-
press terms of which the court is made the final, but not the
initial arbiter of the propriety of directing crossings.

The contention that the statute only applies to completed
roads is likewise without merit. The act does not make any dis-
tinction between a railroad in process of construction and one
in actual operation. The mischief for which the statute is de-
signed to supply a remedy is as great in the one instance as in

the other.  The right of way divides the farm into two parts; it (the right of way) is the property of the railroad company and the land owners have no right to cross it except by permission. They must, therefore, remain at the mercy of the company, so far as ingress and egress from one part of the farm to the other is concerned, until suitable crossings have been established.

This remedial statute ought to receive a reasonable construction, so as to make the remedy commensurate with the right of the land owner and the mischief intended to be redressed, and should not be suffered to fall short of its admitted purpose by a too narrow interpretation.

For these reasons, the judgment of the circuit court must be reversed, and the case remanded for further proceedings, not in conflict with the views expressed in this opinion.

*Reversed.*