# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

## GAULDING V. VIRGINIAN RAILWAY COMPANY.

June 14, 1917.

Absent, Burks, J.*

1. CROSSINGS—*Railroad Crossing Private Land—Declaration.*—Code of 1904, section 1294-b (2) provides: "It shall be the duty of every railroad, canal or other public service corporation, whose road, canal, or works, passes through the lands of any person in this State, to provide proper and suitable wagon ways across said road, canal, or other works, from one part of said land to the other, and to keep such ways in good repair." In an action under this section the declaration of plaintiff alleged that the defendant, being the owner of a certain railroad running through the land of plaintiff, constructed an overhead bridge across its railroad to provide a means of passing from one part of the land to the other; that thereupon it became the duty of defendant to use reasonable care to keep and maintain the bridge in good repair; that defendant failed to perform its duty in that regard, and in consequence of such failure plaintiff suffered the damages laid in the declaration.

   *Held:* That these allegations are substantially in the terms of the statute and state a good cause of action.

2. DECLARATION—*Sufficiency.*—The declaration referred to in the preceding headnote measures up to the requirement of the rule, that it must state a case, and set forth "the facts with sufficient certainty to be understood by the defendant who is to answer it, the jury who are to try the issue, and the court which is to render judgment."

3. CROSSINGS—*Railroad Crossing Private Land—Declaration.*—The contention of defendant, that the declaration should also have alleged that defendant failed to provide or to keep up other suitable wagon ways is without merit, it appearing that only one suitable way was necessary, and that the defendant had supplied it in accordance with the statute. The breach of duty lay in the failure of defendant to keep the way in good repair. There being none other, the only breach that could be assigned

---

*Case submitted before Judge Burks took his seat.

was with reference to the particular way in question.   The duty to keep in good repair necessarily began when the duty to construct ended.

4.   CROSSINGS—*Railroad Crossing Private Land—Section 1294-b (2), Code of 1904.*—If defendant had failed to comply with its statutory obligation to construct a sufficient number of wagon ways, plaintiff's remedy would have been to petition the circuit court for the appointment of commissioners to ascertain whether the additional ways asked for should be constructed, and not by action to recover damages.

5.   CROSSINGS—*Railroad Crossing Private Lands.*—If defendant wished to escape liability for failure to keep the overhead bridge, as originally constructed, in good repair, it must have absolved itself from that duty by showing that it had in some lawful way been relieved of responsibility by providing other proper and suitable wagon ways.

Error to a judgment of the Circuit Court of Lunenburg county, in an action of trespass on the case.   Judgment for defendant.   Plaintiff assigns error.

*Reversed.*

The opinion states the case.

*Geo. E. Allen,* for the plaintiff in error.

*G. A. Wingfield* and *H. T. Hall,* for the defendant in error.

WHITTLE, P., delivered the opinion of the court.

This case is before us on writ of error to a judgment of the Circuit Court of Lunenburg county, sustaining a demurrer to the declaration and dismissing the suit.

The action was brought under section 1294-b (2), Code of 1904, the pertinent portions of which are these: "It shall be the duty of every railroad, canal or other public service corporation, whose road, canal, or works, passes through the lands of any person in this State, to provide proper and

suitable wagon ways across said road, canal, or other works, from one part of said land to the other, and to keep such ways in good repair."

The gravamen of the declaration is that the defendant, being the owner of a certain railroad running through the land of plaintiff, constructed an overhead bridge across its railroad to provide a means of passing from one part of the land to the other; that thereupon it became the duty of defendant to use reasonable care to keep and maintain the bridge in good repair; that defendant failed to perform its duty in that regard, and in consequence of such failure plaintiff suffered the damages laid in the declaration. The duty imposed by the statute upon the company is, first, that it shall provide proper and suitable wagon ways; and, second, that it shall keep such ways in good repair. The declaration alleges that defendant complied with the first obligation by constructing the overhead bridge, but avers that, having discharged that duty, it violated the second requirement of the statute in failing to keep the bridge in repair, by which breach of duty plaintiff suffered the damages for which he sues. These allegations are substantially in the terms of the statute, and state a good cause of action. The contention of defendant, that in addition thereto the declaration should allege that defendant failed to provide or to keep up other suitable wagon ways is without merit. It appears that only one suitable way was necessary, and that the defendant supplied in accordance with the statute. But the breach of duty, as we have seen, lay in the failure of defendant to keep the way in good repair. There being none other, the only breach that could be assigned was with reference to the particular way in question. The duty to keep in good repair necessarily began when the duty to construct ended. If defendant had failed to comply with its statutory obligation to construct a sufficient number of wagon ways, plaintiff's remedy would have been to petition the circuit court for the appointment of commissioners to

ascertain whether the additional ways asked for should be constructed, and not by action to recover damages. *Lanford* v. *Va. Air Line Ry. Co.*, 113 Va. 68, 73 S. E. 566.

If defendant wishes to escape liability for failure to keep the overhead bridge, as originally constructed, in good repair, it must absolve itself from that duty by showing that it has, in some lawful way, been relieved of responsibility by providing other proper and suitable wagon ways.

The declaration measures up to the requirement of the rule so often announced by this court, viz., that it must state a case, and set forth "the facts with sufficient certainty to be understood by the defendant who is to answer it, the jury who are to try the issue, and the court which is to render judgment." Burks' Pl. & Pr., 346, and cases cited.

Our conclusion is that the trial court erred in sustaining the demurrer to the declaration, for which error the judgment must be reversed, the demurrer overruled, and the case remanded for further proceedings.

*Reversed.*