## Richmond

SOUTHERN RAILWAY COMPANY, ET AL. v. MALCOLM L. ANDERSON, ET AL.

December 3, 1962.

Record No. 5505.

Present, All the Justices.

*Roderick D. Sinclair* (*Leslie M. Mullins; Thomas B. Gay; H. Merrill Pasco; Greear, Bowen, Mullins & Winston*, on brief), for the plaintiffs in error.

No brief or argument for the defendants in error.

SNEAD, J., delivered the opinion of the court.

This appeal, by Southern Railway Company, lessee, and Vir-

ginia and Southwestern Railway Company, lessor and owner of a certain right of way, hereinafter collectively called railroad, resulted from the entry of two orders. The first order overruled a demurrer to a petition filed, pursuant to § 56-16, Code 1950, by Malcolm L. and Audrey J. Anderson, owners of a tract of land on the north side of the right of way, in which they sought to obtain a private roadway across the tracks of the railroad to gain access to a public highway. The second order appealed from overruled exceptions to the commissioners' report and directed the railroad to establish a wagonway or crossing prayed for in the petition.

Section 56-16, Code 1950, provides in part:

"Every public service corporation, whose road * * * *passes through* the lands of any person in this State, shall provide proper and suitable wagon ways across such road, * * * *from one part of such land to the other*, and shall keep such ways in good repair. Such ways shall be constructed on the request of the land owner, in writing, made to any section master, agent, or employee of such company, having charge and supervision of the railroad * * * at that point, and shall designate the points at which the wagon ways are desired; * * *. If the company fail or refuse for ten days after such request to construct wagon ways of a convenient and proper character at the places designated, then the owner, having given ten days' notice in writing, as aforesaid, may apply to the circuit court of the county or the corporation court of the city wherein such land is located for the appointment of three disinterested persons whose lands do not abut on such railroad, * * * who shall constitute a board of commissioners whose duty it shall be to go upon the land and determine whether the wagon ways asked for should be constructed. The decision of such board shall be in writing, and, if favorable to the landowner, it shall set forth the points at which the wagon ways should be constructed, giving also a description of what should be done by the company to make a suitable convenient way. The decision of the board of commissioners shall be returned to, and filed in, the clerk's office of such court, and when called upon at the next or any succeeding term of such court, it shall be confirmed, unless good cause be shown against it by the company. Either party shall have the right of appeal to the Supreme Court of Appeals from the judgment of the court. * * *." (Italics supplied.)

The Andersons' petition alleged that they were the owners of land adjacent to railroad's right of way; that railroad's right of way "passes through these lands"; that the right of way and tracks lie between their land and the public highway; that they have no means

of ingress and egress from the highway to their land; that notice was served on the railroad, in accordance with § 56-16, *supra*, to construct a suitable wagonway across the right of way within ten days from the date of service at a point approximately 200 feet east of the Morehead and Anderson line, near Yuma Station in Scott county, and that the railroad had failed and refused to construct such wagonway across the right of way. The petition prayed that the railroad be required to construct the wagonway as set out in the notice served on it and attached to the petition, and that three disinterested persons be appointed to go upon the land and determine whether the wagonway requested should be constructed.

The railroad demurred to the petition on three grounds. The ground of the demurrer relied on here is "Because the petition shows on its face that this is an effort to have the defendant Railway Company construct a private crossing leading from the petitioners' land to the public highway and the statute in such cases made and provided does not provide for the construction of a wagon way from lands to a public highway."

The railroad argues that no cause of action under the statute (§ 56-16, *supra*) was stated, because the Andersons alleged that the wagonway was sought to obtain access to the public road, located on the south side of and adjacent to the right of way, and that the railroad's right of way passed along the side of their land. Thus, the railroad says, petitioners have no legal right to require the construction of a wagonway to obtain access to the highway. However, paragraph II of the petition stated that the railroad's "right of way passes through these lands." If that be the case, which the demurrer admits as true for the purpose of considering the demurrer, then the statute would come into play. We hold that the trial court did not err in over-ruling the demurrer.

■ The board of commissioners appointed by the court were directed to go upon the land and determine whether the wagonway requested in the petition should be constructed and to make its report in writing. They were further directed, if their decision was favorable to the petitioners, to set forth the points where the wagonway should be constructed and what should be done by the railroad to make a convenient and suitable crossway. In their report filed, they found that the crossing should be constructed and set forth where it was to be placed. They reported that the railroad should construct from a stated distance on each side the wagonway across its tracks. The railroad excepted to the report. One of the grounds of exception was

that the proceeding was contrary to law, because the railroad's tracks and right of way do not "pass through" petitioners' land, but "runs by" it.

At the *ore tenus* hearing on the exceptions the undisputed evidence was that the Andersons own land only on the north side of and adjacent to the railroad's right of way. In other words, the right of way runs by the Andersons' property and does not bisect it or run through it. The trial judge who presided at the hearing was not the same judge who overruled the demurrer by order entered October 10, 1960. The court, by order of October 30, 1962, overruled the railroad's exceptions to the commissioners' report and confirmed the report, to which action of the court the railroad excepted.

In a written opinion, the court took the position that the order overruling the demurrer involved the merits of the case and that it decided adversely against the railroad's contention that § 56-16 "does not contemplate a situation such as this where the railroad runs adjacent to the lands of petitioners and between the lands and the public road," that this order was final and thus the court could not consider the same questions on exceptions to the commissioners' report.

The railroad argues that the order overruling the demurrer was not a final order which remained under the court's control for only twenty-one days after date of entry. With this contention we agree. The overruling of the demurrer merely determined that the Andersons had stated a good cause of action in their petition for the purpose of being considered on the demurrer. It did not finally determine the merits of the case or that the petitioners were entitled to the relief sought. The evidence adduced on the exceptions to the commissioners' report conclusively shows that the railroad's right of way did not pass "through" the Andersons' land as they had alleged in their petition. The railroad was entitled to assign this fact as a ground of exception to the report and have it considered by the court.

In *Bibber* v. *McCreary*, 194 Va. 394, 395, 73 S. E. 2d 382, it was stated:

"This court has consistently held that an order merely sustaining or overruling a demurrer to a declaration or motion for judgment is not final. An order sustaining such a demurrer, in order to be final within the meaning of Code, sec. 8-462, must go further and dismiss the case."

This brings us to the dominant question presented. "Can a railroad be required to construct a wagonway over its right-of-way, pursuant

to Section 56-16, when the right-of-way does not pass through, but only passes adjacent to, the lands of parties seeking the wagonway?"

Although there is no decision of this court directly in point, it is worthy of note that all of the cases decided under § 56-16 involve a situation where the railroad right of way did in fact divide the land of the petitioners into two tracts. See *Adams* v. *Tidewater R. Co.*, 107 Va. 798, 60 S. E. 129; *Lanford* v. *Virginia Air Line Ry. Co.*, 113 Va. 68, 73 S. E. 566; *Gaulding* v. *Virginian Ry. Co.*, 121 Va. 19, 92 S. E. 832; *Washington-Virginia Ry. Co.* v. *Fisher*, 121 Va. 229, 92 S. E. 809; *Pennsylvania R. Co.* v. *Black*, 175 Va. 256, 8 S. E. 2d 291.

In 44 Am. Jur., Railroads, § 122, p. 334, it is stated:

"* * * But one whose property is entirely on one side of a railroad has been held not entitled to a crossing to a highway on the other side of the railroad, * * *."

*Thompson* v. *Louisville & N. R. R. Co.*, 25 Ky. L. Rep. 529, 76 S. W. 44, involved a provision in the railroad charter, which provided that where the railroad "shall construct their road through the land of another person, that it shall be their duty to provide for such person proper wagonways across their road from one part of the land to another". The court dismissed the landowner's petition to compel the railroad to construct a private crossing to connect with her property on the ground that the charter provision did not apply where the owner or occupant owned land only on one side of the railroad.

In *Seelbinder* v. *Railroad Co.*, 73 Miss. 84, 19 So. 300, the statute required a railroad to construct and maintain suitable and convenient crossings over its tracks for necessary plantation roads. It was held that a landowner whose property was bounded on one side by the railroad was not entitled under the statute to a crossing so that he might reach the land of another.

In accord see also *Marino* v. *Central R. R. Co. of New Jersey*, 69 N. J. L. 628, 56 A. 306; *Gratz* v. *Lake Erie & W. R. Co.*, 76 Ohio St. 230, 81 N. E. 239; *Jones Fertilizing Co.* v. *Cleveland, C. C. & St. L. Ry. Co.*, 7 Ohio N. P. 245, 2 Ohio S. & C. P. Dec. 511; *Grand Trunk Railway Co.* v. *Therrien*, 30 Can. S. C. 485; 74 C. J. S. Railroads, § 171, pp. 652, 653.

Section 56-16, *supra*, is clear and unequivocal. It provides that "Every public service corporation, whose road * * * *passes through* the lands of any person in this State, shall provide proper and suitable wagon ways across such road, * * * *from one part of such land to the*

*other*, * * *." (Emphasis supplied.) The railroad aptly asks this question: "Where is the 'other part' of the Andersons' land to which this wagonway will lead?" There is no other part, since all of their land is situated on the north side of the railroad's right of way. Thus, the railroad does not "pass through" the Anderson property. It passes adjacent to or next to it. That being the case, the statute is not applicable for the relief sought.

Our conclusion is that the trial court erred in overruling the railroad's exceptions to the commissioners' report and in directing the railroad to establish the wagonway.

The judgment appealed from is reversed and the petition is dismissed.

*Reversed and dismissed.*