## CIRCUIT COURT OF FAIRFAX COUNTY

Ricardo Ortiz et al.

v.

Sean P. Flattery et al.

October 17, 2003

Case No. (Chancery) 181641

BY JUDGE MICHAEL P. MCWEENY

This matter came before the Court for trial on the merits pursuant to *Complainants' Third Amended Bill of Complaint to Enjoin Obstruction of Easement, for Declaratory Relief, and for Damages.* After both parties submitted briefs, evidence was presented over two days commencing on August 26, 2003. At the close of trial, the Court dismissed Counts II and IV and granted the relief requested in Count I, ordering that the fence at issue be removed from the easement. Upon further review of the file, the Court requested and received supplemental briefs from both parties on several issues pertaining to Count II. In addition, the Defendants filed a Motion for Reconsideration with respect to Count I and both parties submitted briefs with respect to the Motion for Reconsideration.

The Court now has considered the briefs submitted as well as the oral arguments of both parties and, for the reasons set forth below, the Court denies the Defendants' Motion for Reconsideration, reaffirms the rulings on Counts I and IV, and dismisses Count II with prejudice.

*Facts*

Complainants are Ricardo Ortiz, Joy Ortiz, Morteza Sizdahkhani, Mahin D. Sizdahkhani, and Mort Investment Company, Inc. Defendants are Sean P. Flattery, Debra L. Flattery, Gregory A. Cinque, Nancy L. Cinque, Michael A. Schwien, Sonia W. Schwien, Ronald W. Brown, Mukta Verma, Naresh Verma, and Basheer/Edgemoore-Millwood, L.L.C. Defendant Edgemoore was

the owner and developer of Millwood Pond Subdivision, which includes the Defendant landowners' properties. Appurtenant to the Complainants' properties is a fifty-foot ingress-egress easement created in December 1961, which crosses parts of the Defendant landowners' properties. Located within the easement is a gravel road, approximately twelve feet in width, identified as Plato Lane. Complainants use this road for the purposes of ingress and egress.

In the spring of 1998, Defendant Edgemoore constructed a fence in the back yards of the Defendant landowners' properties along the edge of Plato Lane. Subsequent to the building of the fence, Defendant Edgemoore sold the remainder of the lots in issue to the Defendant landowners. Thereafter, by a letter dated October 17, 2002, Complainants demanded that the Defendant landowners either consent to a removal of the fence or relocate it to a position that does not encroach on the easement. When the Defendant landowners failed to respond to this request, the Complainants filed suit in this Court, requesting that the fence be removed (Count I), asking for compensatory and punitive damages (Count II), and requesting a Declaratory Judgment that they be allowed to expand Plato Lane immediately (Count IV). Count III was no longer before the Court at the time of trial.

## Analysis

### A. *Count I: Motion for Reconsideration*

The Defendants have filed their Motion for Reconsideration to the ruling of the Court that the fence must be removed. They assert that the Court had an insufficient basis to find an interference with the easement right. The Court does not agree.

The central issue in the argument is whether there must be an affirmative finding that the fence "unreasonably interferes" with the easement before a court may order it removed. It is well-settled in Virginia that "a conveyance of an easement that is non-exclusive does not strip the servient landowner of its right to all use of the land." *Shenandoah Acres, Inc. v. D. M. Connor, Inc.*, 256 Va. 337, 342 (1998), *citing Walton v. Capitol Land, Inc.*, 252 Va. 324, 326 (1996). The Virginia Supreme Court has long held that a servient owner may use his property in any manner he chooses so long as the use does not unreasonably interfere with the easement. *See, e.g., Preshlock v. Brenner*, 234 Va. 407, 362 S.E.2d 696 (1987); *Hartsock v. Powell*, 199 Va. 320, 99 S.E.2d 581 (1957); *Good v. Petticrew*, 165 Va. 526, 183 S.E. 217 (1936); *Booker v. Willing*, 160 Va. 461, 168 S.E. 417 (1936). Thus, traditionally, a balancing test was applied to determine whether the interference with an easement was

unreasonable or otherwise made the exercise of the easement less useful or less convenient. *Willing v. Booker, supra*, at 466.

In the recent case of *Pizzarelle v. Dempsey*, 259 Va. 521, 526 S.E.2d 260 (2000), the Supreme Court of Virginia set forth an exception to the balancing test. Writing for the Court, Justice Kinser found that the earlier standard would not be applied where a significant portion of the easement would be rendered unusable for ingress and egress. *Id.* at 531. In that case, as in the case at bar, there was an easement for ingress and egress of a specific width and an encroachment by construction of a fence on a portion of the easement. Although the encroachment only affected four to five feet of the twenty-four foot easement, the fact that the four to five feet south of the fence were completely blocked from use for ingress and egress was found to render the balancing of equities unnecessary.

In the case at bar, the fence runs lengthwise through the easement, narrowing the usable portion of the original fifty foot wide easement to eighteen feet at one point while blocking access to the remaining portion. As in *Pizzarelle,* denial of the injunctive relief would be to allow the Defendant landowners to appropriate a portion of the easement and reduce the easement from its original dedicated width. A balancing test is not appropriate.

Interestingly, in making its ruling in *Pizzarelle* that no balancing test was necessary, the Supreme Court nevertheless made such an analysis in finding "the obstructions in the easement [were] a material encroachment on the dominant owners' rights." *Id.* at 530. Accordingly, this Court also has reexamined the evidence in light of the traditional standards. In the case at bar, the fence in question was constructed in such a way as to tightly border the then-existing unpaved road known as Plato Lane. The fence did not block the "traveled portion" of the road; however, the evidence is clear that it made it impossible in places to allow two vehicles to pass using the grassy areas as they had in the past. In addition, maintenance of Plato Lane was rendered far more difficult than it had been prior to the construction of the fence. Clearly, the continuing existence of the fence has made the easement less useful and less convenient and constitutes an unreasonable interference.

Whether one applies the strict standard suggested by *Pizzarelle* or applies the balancing of the equities/reasonableness test, the result in this case must be the same. The Motion for Reconsideration as to Count I is denied and the ruling of the Court requiring the removal of the fence from the easement is reaffirmed.

## B. *Count II: Interference with Easement Damages*

Post-trial, the Court requested additional authorities and argument on the questions of the existence and elements of, and measure of damages for, a tort of interference with easement rights. Although Virginia case law does not specifically state that tortious interference with an easement exists as a cause of action, several cases imply that such a cause of action exists. *See Waskey v. Lewis*, 224 Va. 206, 294 S.E.2d 879 (1982) (affirming the lower court's decision to enjoin the Defendant from erecting a gate to obstruct an easement and remanding to the lower court to determine damages incurred); *Fairfax Co. Park Auth. v. Atkisson*, 248 Va. 142, 445 S.E.2d 101 (1994) (impliedly holding that the holder of an express easement may receive an injunction and damages where there is interference with said easement); *Zimmerman v. Brubaker*, 57 Va. Cir. 332 (Rockingham Co. 2002) (holding that the easement holder was entitled to compensatory and punitive damages where there was "an intentional and premeditated effort by the Defendant to block the lawful right of way").

It is not necessary that a tort have a specific name. 74 Am. Jur. 2d, *Torts*, § 2. The mere fact that a claim might be novel will not operate as a bar to the remedy "when it becomes clear that the plaintiff's interests are entitled to legal protection against the conduct of the defendant." *Id.* To assert a tortious cause of action, there must be "a legal right and a legal duty corresponding to such right." 74 Am. Jur. 2d, *Torts*, § 6.

In determining whether interference with easement rights should create a cause of action in tort, it is necessary to examine what rights are created by the granting of an easement. "An easement ... is a privilege to use the land of another in a particular manner and for a particular purpose. It creates a burden on the servient tract and requires that the owner of that land refrain from interfering with the privilege conferred for the benefit of the dominant tract." *Brown v. Haley*, 233 Va. 210, 216, 355 S.E.2d 563 (1987); *Bunn v. Offutt*, 216 Va. 681 (1976); *Tardy v. Creasy*, 81 Va. 553 (1886). Applying that definition to the case at bar, the Complainants have acquired the legal right to use the property of the Defendant landowners for ingress and egress and the Defendant landowners have incurred a duty to refrain from interfering with that right. When that duty has been breached, logically the Complainants must have a cause of action allowing complete redress. If they have been damaged in a manner that mere restoration of the right to use the property will not correct, the law of tort will provide a remedy. The Court finds that a cause of action for tortious interference with easement exists.

Having defined the tort, it becomes necessary to isolate when the cause of action accrues. Both parties seem to take the position that the breach of duty, if any, occurs at the time the fence is constructed. While this position has the advantage of simplicity, it ignores the right of the owner of the servient estate to use the property in any manner he chooses so long as the use does not unreasonably interfere with the rights of the dominant tract. *Preshlock, supra,* at 410. These competing rights make this cause of action more akin to the law of nuisance, wherein the Supreme Court of Virginia has addressed the time of accrual:

> It is well settled that when a permanent structure is unlawful in and of itself, irrespective of any damages which flow from it, a cause of action accrues at once upon the erection of the unlawful structure, and the plaintiff may recover once for all, but when a structure is lawful, as when it is erected on the defendant's own premises, and is not per se injurious to the plaintiff, then the plaintiff's cause of action arises not from the erection of the structure, but only for such injury as may result from the use of the structure. In other words, a thing which is lawful is not actionable until the plaintiff has suffered injury on account of it.

*Norfolk & W. R. Co. v. Allen,* 118 Va. 428, 432 (1915).

Applying the above standard to the case at bar, there can be no doubt that it was lawful to construct a fence on the servient tracts. As such, the cause of action for interference with easement rights did not arise until the Complainants suffered damages. Under the facts of this case, and all inferences which reasonably can be drawn in favor of the Complainants, that would have occurred at the time of the refusal to cure after the October 17, 2002, letter demanding that the fence be removed, rather than at the time the fence was erected.

In accordance with the foregoing, while the Court finds a cause of action for tortious interference with an easement does exist under Virginia law, it cannot find that a viable claim for damages has been asserted. The Complainants have withdrawn any claim for compensatory damages other than the attorneys' fees incurred in the prosecution of their injunction claim under Count I of the Third Amended Bill of Complaint. Unless the Complainants' claim falls within the exceptions to the "American Rule," they are not entitled to any such relief.

The Complainants rely upon the exception created in the case of *Prospect Development Co. v. Bershader,* 258 Va. 75, 515 S.E.2d 291 (1999), and

amplified in *Patel v. Anand*, 264 Va. 81, 564 S.E.2d 140 (2002). "Where a breach ... has forced the plaintiff to maintain or defend a suit with a third person, he may recover the counsel fees incurred by him in the former suit provided they are reasonable in amount and reasonably incurred." *Prospect, supra,* at 92.

It is acknowledged that "reasonable in amount and reasonably incurred" are matters deferred to a later hearing. Nevertheless, this exception is inapplicable to the case at bar. This cause of action accrued upon the refusal to cure after the October 17, 2002, letter. At that time, Defendant Edgemoore did not own any of the servient properties and only the Defendant landowners were the proper parties in interest. The Complainants were not "forced to maintain ... a suit with a third person" by the breach of a duty by Defendant Edgemoore, but rather by the refusal of Defendant landowners to cure the interference with the easement. The Court finds that there is no basis for compensatory damages to be awarded.

Finally, punitive damages cannot be awarded in the instant case. It is well established in Virginia that "an award of compensatory damages ... is an indispensable predicate for an award of punitive damages. . . ." *Gasque v. Mooers Motor Car Co.*, 227 Va. 154, 159, 313 S.E.2d 384 (1984), *citing Newspaper Publishing Corp. v. Burke*, 216 Va. 800, 805, 224 S.E.2d 132 (1976). Because this Court is overruling the request for compensatory damages, this Court also overrules the request for punitive damages.

### Conclusion

At the conclusion of the trial, the Court granted the relief requested in Count I and denied the relief requested in Counts II and IV. For the reasons stated in open court and supplemented above, the rulings remain unchanged.