# CIRCUIT COURT OF THE CITY OF SALEM

William E. Lee

v.

Norfolk Southern Ry. Co.

December 12, 2006

Case No. CH96-135

BY JUDGE ROBERT P. DOHERTY, JR.

In 1898, Shartzer bought a fifteen-acre tract of land in the Town of Salem. In 1906, Tidewater Railway Company, now Norfolk Southern Railway Company, condemned a 100-foot wide strip of land bisecting Shartzer's land in order to construct railroad tracks. In 1907, the Town of Salem purchased a thirty-foot wide strip of land from Shartzer to accommodate the construction of an overpass across the proposed railroad tracks. The deed for that strip of land was only between Shartzer and the Town of Salem. The railway company was not a party to that deed, but the deed made reference to the railroad company paying the purchase price on behalf of the Town. It also called for the railroad company to construct "a suitable and proper road-way out from the land of said Shartzer at the south-east corner thereof onto Colorado Street," which the railroad company did.

Thereafter, Shartzer and his grantees sold off the entire fifteen-acre tract through multiple conveyances of smaller parcels. In 1988, Plaintiff bought the northeast corner 1.42-acre parcel from one of Shartzer's grantees. That parcel is bordered on the south by the railroad tracks, and its east boundary line is

under the overpass that was constructed in 1907. Plaintiff alleges, using a variety of legal theories, that the above transfers of property and the oral agreements accompanying them entitle him to a commercial easement and roadway over the railroad and across the strip of land now owned by the City of Salem, all to be maintained at the expense of the Defendant railway company. Defendant demurs.

## Express Grant and Estoppel

The first theory Plaintiff advances in his Amended Bill of Complaint is that Defendant railroad gave him an express grant of an easement and the maintenance of the same, in perpetuity, as partial consideration of the Plaintiff's transfer of a piece of real estate to the municipality. He claims that this was an oral grant; that reference is made to the grant of easement in a deed to which the railroad is not a party; that written records of the Defendant railroad refer to the agreed grant of easement; that the agreement has been partially performed, thereby removing it from the requirements of the Statute of Frauds, § 11-2, Code of Virginia (1950), as amended; that Plaintiff relied on the oral promise as consideration for the transfer of a thirty-foot strip of land now owned by the City of Salem; and that Defendant is therefore estopped from denying the existence of the express grant of easement.

Defendant railroad contends that the Statute of Frauds applies, as the alleged transfer of an easement is not in writing nor signed by the parties. The railroad argues that the claimed partial performance was in fact the full and completed performance of a promise to construct an access road to the original fifteen-acre tract, not some partial step in the granting of an easement. Finally, the railroad takes the position that, since no fraud exists, the claim of an easement by estoppel is not applicable.

The "[e]lements necessary to establish equitable estoppel, absent a showing of fraud and deception, are a representation, reliance, a change of position, and detriment." *Waynesboro Village, L.L.C. v. B.M.C. Props.*, 255 Va. 75, 82 (1998). Plaintiff's pleadings contain those allegations. His pleadings also alleged partial performance of a definite and certain agreement to convey an easement. See *Hill v. Luck*, 201 Va. 586 (1960). The pleadings on this count allege sufficient facts, which, if proven, could result in a favorable verdict for the Plaintiff. Accordingly, Defendant's demurrer to Plaintiff's claim of an express oral easement by estoppel is overruled.

*Wagonway*

Plaintiff's next count alleges that he has a vested right in a statutory wagonway by virtue of § 56-16, Code of Virginia (1950), as amended. That code section requires a railroad to provide a vehicular crossing over railroad tracks that bisect a tract of land so that the landowner can continue an agriculture or forestry operation on either side of the tracks. The fifteen-acre tract owned by Plaintiff's predecessor in title was entitled to a statutory wagonway when his land was bisected by the railroad. Plaintiff's land however, is not bisected by a railroad. Plaintiff bought a 1.42-acre portion of the original fifteen-acre tract that is only bordered on one side by Plaintiff's railroad. Defendant cites *Southern Ry. v. Anderson*, 203 Va. 991 (1962), and its progeny for the proposition that, when land lies on one side of the railroad only, the wagonway statute does not apply.

Plaintiff believes that this is a case of first impression in Virginia dealing with the question of the vesting of a statutory wagonway, rather than the application of statutory provisions after the lands have been subdivided. He argues that no Virginia case has held that a statutory right of passage over a railroad is divested when the dominant property no longer spans the railroad right of way. He is correct. That is because the right of passage, or wagonway as set forth in § 56-16 and its predecessor statutes, is a personal right to the landowner and does not run with the land. *Washington-Virginia Ry. v. Fisher*, 121 Va. 229, 234 (1917). It is not a vested right and therefore not subject to being divested. The demurrer to the claim of the vesting of a wagonway is sustained with prejudice.

*Prescriptive Right to Commercial Use of Easement*

Plaintiff's last claim is that the original statutory wagonway is an easement, not a personal right. He alleges that he has expanded it to a commercial easement by using it adversely, under a claim of right, exclusively, continuously for 20 years, uninterrupted and notoriously, and therefore the railroad is estopped from denying its existence. The fallacy in that logic is that the right of access across railroad tracks granted in a statutory wagonway is not an easement, even though it has some of the attributes of an easement. It is nothing more than a personal right granted by statute that does not run with the land. *Id.* If the easement did not initially exist, it stands to reason that it cannot be enlarged.

In the alternative, since railroad tracks on railroad lands are affected with a public interest and use, and since "no prescriptive right can be acquired

in property affected with a public interest or dedicated to a public use," easements by prescription cannot be obtained or expanded adversely against railroads. *Norfolk and Western Ry. v. Waselchalk*, 244 Va. 329, 331 (1992). Accordingly, the demurrer to the claim of a commercial prescriptive easement is sustained with prejudice.