ROBERT PRESHLOCK, ET AL.

V.

JANET M. BRENNER

Record No. 841255

November 25, 1987

Present: All the Justices

*Richard S. Simpson* for appellants.
*William F. Etherington (R. Mark Dare; Hazel, Beckhorn & Hanes*, on brief), for appellee.

STEPHENSON, J., delivered the opinion of the court.

The question presented in this appeal is whether a private party can acquire a prescriptive easement over land of another private party that is already subject to a public easement.

Robert and Linda Preshlock (the Preshlocks) brought this chancery suit against Janet M. Brenner and the City of Alexandria asking the trial court to determine that the Preshlocks had acquired a prescriptive easement. The alleged easement is located on land owned in fee simple by Brenner that is subject to a storm sewer easement previously conveyed to the City.

The facts, as alleged in the bill of complaint, are as follows. The Preshlocks and Brenner own adjoining lots on Maple Street in the City of Alexandria. A driveway runs from Maple Street through a corner of Brenner's lot to the Preshlocks' parcel. The Preshlocks and their predecessors in title "have used the driveway openly, visibly, constantly, continuously, adversely, hostilely, uninterruptedly, exclusively and under a claim of right for a period of more than 20 years." Thus, the Preshlocks claim that they have ac-

quired a prescriptive easement for a right-of-way over Brenner's land.

By a deed recorded in 1928, one of Brenner's predecessors in title conveyed to the City an easement for the location, construction, and maintenance of a storm sewer. The City's storm sewer is located under the portion of Brenner's lot over which the Preshlocks claim their prescriptive easement.

Brenner demurred to the bill of complaint on the ground that a prescriptive easement cannot be acquired in property affected with a public interest. The City moved for summary judgment, contending that even if the Preshlocks had acquired a prescriptive easement, the City's use of the subject property "continues unimpaired." The trial court sustained Brenner's demurrer, granted the City summary judgment, and dismissed the bill of complaint with prejudice. The Preshlocks appeal.[1]

The trial court ruled as a matter of law that the Preshlocks could not acquire a prescriptive easement. The court relied upon the rule of *Lynchburg* v. *C. & O. Ry. Co.*, 170 Va. 108, 116, 195 S.E. 510, 514 (1938), that "no prescriptive right can be acquired in property affected with a public interest or dedicated to a public use."

In *Lynchburg*, the City of Lynchburg sought to establish a prescriptive easement in the undiminished flow of water in a canal used as an outlet for the City's sewers. A railway company, the canal owner, had maintained the flow of water in the canal for a public purpose. We held that because "the flow of the water was being maintained in the canal for a public purpose, the city could not acquire any right thereto by . . . prescription." *Id.* at 117, 195 S.E. at 514.

The Preshlocks do not challenge the *Lynchburg* rule, but assert that it has no application to the facts of the present case. They state that they do not seek to establish an easement that would "affect the easement interest of the City," but seek only an easement that would affect the property interest of Brenner, the fee simple owner. Indeed, the Preshlocks acknowledge that the easement they seek "would be *subject to* the City's easement, with the City's easement interests being paramount over [theirs]." (Emphasis in original.)

---

[1] The City requested that "it be removed as a party to this action because its legal right to maintain its storm sewer has not been challenged by Mrs. Brenner or the Preshlocks." By order dated September 5, 1985, the City was removed as an appellee in this appeal.

We agree that *Lynchburg* has no application to the facts in the present case. In *Lynchburg*, the City sought to establish prescriptive rights in the flow of water maintained in a canal "for a public purpose." *Id.* at 117, 195 S.E. at 514. Here, however, the Preshlocks do not seek to establish an interest against the City's right to use the property for a storm sewer. They seek only an easement of way against Brenner's fee. Thus, rather than asserting a prescriptive claim against the public use of the property, the Preshlocks acknowledge the superiority of the public easement and claim only against whatever interest Brenner retains as the owner of the servient fee.

■ Ordinarily, when a tract of land is subjected to an easement, the servient owner may make any use of the land that does not unreasonably interfere with the use and enjoyment of the easement. *See Willing* v. *Booker*, 160 Va. 461, 466, 168 S.E. 417, 418 (1933). The servient owner's right reasonably to use the land includes the right to grant additional easements in the same land to other persons. *City of Pasadena* v. *California-Michigan Land & W. Co.*, 17 Cal.2d 576, 579, 110 P.2d 983, 985 (1941); *Nemaha Natural Resources District* v. *Village of Adams*, 207 Neb. 827, 829, 301 N.W.2d 346, 348 (1981); *Sanders* v. *Roselawn Memorial Gardens*, 152 W.Va. 91, 112, 159 S.E.2d 784, 797 (1968). If the first easement is not exclusive, subsequent concurrent easements that are not unreasonably burdensome or inconsistent with the original easement are valid. *City of Pasadena*, 17 Cal.2d at 578-79, 110 P.2d at 984-85; *Kiwala* v. *Biermann*, 555 S.W.2d 663, 667 (Mo. Ct. App. 1977). Any easement subsequently granted is subordinate to the first easement because a subsequent grantee acquires only the right to use the servient land in a manner consistent with the terms of the prior easement. *Howorka* v. *Harbor Island Owners' Ass'n*, 356 S.E.2d 433, 436 (S.C. Ct. App. 1987).

■ Any easement that may be acquired by grant also may be acquired by prescription. *Haines* v. *Galles*, 76 Wyo. 411, 419, 303 P.2d 1004, 1006 (1956). Thus, a party may assert a prescriptive right to an easement that is concurrent with a previously granted easement or with an easement previously acquired by prescription. *Cf. Totten* v. *Stuart*, 143 Va. 201, 203-04, 129 S.E. 217, 218 (1925) (several persons may acquire prescriptive easement in same right-of-way if each person establishes, *inter alia*, some claim independent of similar rights of others). The extent of the

prescriptive servitude is measured by the character of the use. *Pettus* v. *Keeling*, 232 Va. 483, 489-90, 352 S.E.2d 321, 326 (1987). Because the claimant's right to use the land in question is derived from the fee owner of the servient tenement, whether the prescriptive use is a permissible use turns on whether the servient fee owner could have used the land in that manner. *City of Pasadena*, 17 Cal.2d at 579, 110 P.2d at 985. Whether a particular use by the servient owner or his successor is unreasonably burdensome or inconsistent with the easement is usually a question of fact. *See Willing*, 160 Va. at 466, 168 S.E. at 418.

In the present case, Brenner may make any use of her land that does not unreasonably interfere with the City's easement,[2] and could have granted this right to a third party. Therefore, the Preshlocks, upon proper proof, can acquire Brenner's right by prescription. As the Preshlocks concede, the prescriptive right they seek to establish would be subject to the rights of the City and could not in any wise interfere with the City's use of its easement.

Accordingly, we conclude that the trial court erred in sustaining Brenner's demurrer. Therefore, we will reverse the judgment of the trial court and remand the cause for further proceedings consistent with the views expressed herein.

*Reversed and remanded.*

---

[2] The character of the City's easement, e.g., exclusivity and scope, depends upon the language of the conveyance. *See Gordon* v. *Hoy*, 211 Va. 539, 541, 178 S.E.2d 495, 496 (1971). Any doubt about the exclusivity or scope of the easement should be resolved in favor of the free and unfettered use of the land. *See City of Pasadena*, 17 Cal.2d at 578-79, 110 P.2d at 984-85; *Kiwala*, 555 S.W.2d at 667.