Present: All the Justices

NORMAN E. WALTON

v.    Record No. 952244    OPINION BY JUSTICE ELIZABETH B. LACY
                                              November 1, 1996
CAPITAL LAND, INC.

FROM THE CIRCUIT COURT OF HANOVER COUNTY
Richard H. C. Taylor, Judge

In this appeal, we determine the scope of an easement described as an "exclusive easement of right of way."

In 1980, Willow Investment Corporation conveyed a tract of land east of Overhill Lake in Hanover County to Norman E. Walton. The grantor reserved an easement in gross described as

AN EXCLUSIVE EASEMENT OF RIGHT OF WAY FOR PURPOSE OF INGRESS AND EGRESS TO STATE ROUTE 33, FIFTY FOOT (50') IN WIDTH ALONG THE ENTIRE NORTHERN BOUNDARY OF THE PROPERTY HEREIN CONVEYED.

Capital Land, Inc. (Capital) subsequently acquired an adjacent tract consisting of 34.028 acres including Overhill Lake and acquired the easement in gross over Walton's land. Capital operates a recreational facility on its tract and approximately 30,000 patrons use the easement each year.

In 1990, Capital filed this action against Walton, alleging that Walton erected a barricade across the easement, harassed those trying to use the easement, and blocked drainage through his property in order to flood the easement. Capital sought to enjoin Walton from interfering with the free and unfettered access of Capital and its patrons to its property. Capital also sought a declaratory judgment that it had the exclusive right to use the easement, including the ability to exclude Walton's use

of the easement.[1]

The trial court granted a temporary injunction and referred the matter to a commissioner in chancery to determine the rights and interests of the parties. The commissioner concluded that the easement gave Capital the exclusive right to grant to anyone it chose the authority to use the easement for ingress and egress, but that the easement was not a grant of a fee. The commissioner found that Walton, as the owner of the fee, retained the right to use the easement area but could not use it in a manner which interfered with Capital's rights in the easement.

Capital filed exceptions to the commissioner's report, challenging his determination that Walton could continue to use the area encumbered by the exclusive easement. The trial court sustained Capital's exceptions and entered an order declaring that Capital has the exclusive right to determine who may use the exclusive easement and may exclude the owner of the servient estate, Walton. We awarded Walton an appeal to consider the scope of the easement.

In determining the scope of an easement, we have repeatedly held that the owner of the servient estate retains the right to

---

[1]The northern 20 feet of Walton's property is also subject to a non-exclusive right of way easement created in 1956. Both Walton and Capital are entitled to use this non-exclusive easement and Capital did not challenge Walton's right to use the northern 20 feet of the 50 foot easement created in 1980. Therefore, this opinion only addresses the parties' respective rights to use of the southern 30 feet of the 50 foot easement.

use his land in any manner which does not unreasonably interfere with the use granted in the easement. Preshlock v. Brenner, 234 Va. 407, 410, 362 S.E.2d 696, 698 (1987); Brown v. Haley, 233 Va. 210, 216, 355 S.E.2d 563, 568 (1987); Hartsock v. Powell, 199 Va. 320, 324, 99 S.E.2d 581, 585 (1957). None of our prior cases, however, specifically addresses the legal right of the easement owner to exclude the servient owner's use of the land based on the phrase "exclusive easement" in the language creating the easement.

Ruling that the language creating the easement was unambiguous, the trial court looked to the dictionary definition of "exclusive" and concluded that the phrase "exclusive easement" gives the easement owner the legal right to control who may use the easement, including the legal right to exclude the servient landowner from using the easement.[2] The trial court's resolution of the issue effectively transmuted a grant of an easement into the grant of a possessory interest or an estate by allowing the owner of the easement to deprive the servient estate owner of the use of his land.

If a conveyance grants the right to exclusive use of all or part of the servient estate for all purposes, the owner of the servient estate is stripped of his right to use the land. Conveyances of this sort are generally considered to effectively

_____
[2] Walton did not assign error to the trial court's determination that the language creating the easement was unambiguous.

3

transfer an interest in fee, not an easement, and are not favored. If, however, the conveyance limits exclusive use of all or part of the servient estate <u>to a particular purpose</u>, the conveyance is an easement and the servient landowner retains the right to use the land in ways not inconsistent with the uses granted in the easement. <u>Restatement of Property</u> § 471, cmt. a, b, e (1944); 7 <u>Thompson on Real Property</u>, Thomas Edition (David A. Thomas ed. 1994) § 60.04(b)(1)-(2).

In this case, the language creating the easement limited its use in two ways. First, the easement is limited to use as a "right of way" and second, the right of way can only be used for the "purpose of ingress and egress to State Route 33." This limiting language is consistent with the category of conveyances which are true easements and leaves the servient owner with the right to use his land in a manner not inconsistent with the nature of the uses granted to the owner of the easement.

Accordingly, we will reverse that portion of the judgment of the trial court sustaining Capital's exceptions to the report of the commissioner and its holding that Capital has the right to exclude the owner of the servient tract from using the easement. We will enter final judgment here specifying that Walton retains the right to use the easement but in a manner that does not interfere with Capital's right to use the easement for the purpose of ingress and egress to State Route 33.

<u>Reversed in part,<br>and final judgment.</u>

4