Present: Kinser, C.J., Lemons, Goodwyn, Millette, and Mims, JJ.

MCCARTHY HOLDINGS LLC

                                             OPINION BY
v.      Record No. 101031         JUSTICE S. BERNARD GOODWYN
                                          September 16, 2011
VINCENT W. BURGHER, III

          FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                       Nolan B. Dawkins, Judge

     In this appeal, we consider whether an easement agreement

granting "exclusive use," without stating the purpose or

purposes for which the easement may be used, permits the owner

of the dominant estate to bar the owner of the servient estate

from reasonable use of the easement area as a matter of law.

                              Background

     McCarthy Holdings LLC (McCarthy) filed a complaint against

Vincent W. Burgher, III (Burgher) in the Circuit Court of the

City of Alexandria, seeking a declaratory judgment concerning

an easement agreement (the Easement Agreement).  McCarthy, the

owner of the dominant estate, sought a declaration that it had

the right, as a matter of law, to bar Burgher, the owner of the

servient estate, from any use of the easement area.  Burgher

filed an amended counterclaim seeking a declaratory judgment

that the easement is null and void or, alternatively, directing

McCarthy to pay its portion of the 2009 real estate taxes on

the easement area as required by the Easement Agreement.

The circuit court found that the Easement Agreement did not, as a matter of law, bar Burgher from reasonable use of the easement area.  Also, the circuit court dismissed, without prejudice, Burgher's counterclaim requesting payment for 2009 real estate taxes because the claim was not properly pled and because Burgher failed to meet his burden of proof.  McCarthy subsequently paid the 2009 taxes.  McCarthy appeals.

Facts

Burgher owns property located at 1000 Cameron Street, in the City of Alexandria.  Burgher entered into an Easement Agreement with Potomac Space Associates (PSA), the previous owner of an adjoining property, 1006 Cameron Street.  On July 24, 2008, McCarthy purchased 1006 Cameron Street and the rights under the Easement Agreement from PSA.  The Easement Agreement grants the owner of 1006 Cameron Street an easement to use approximately 488 square feet of abutting land on the 1000 Cameron Street property.

The Easement Agreement states in relevant part:

> 1.   The Grantor [owner of 1000 Cameron Street] does hereby grant and convey to the Grantee [owner of 1006 Cameron Street], its successors and assigns, an easement (the "Easement") in the area set forth on the plat attached hereto . . . .
>
> 2.   The Grantee shall have exclusive use of the land set forth in the Easement Area.
>
> 3.   Grantee agrees to hold the Grantor harmless from any liability, responsibility or

2

damages caused by reason of the granting or use of the Easement by the Grantee, its successors or assigns.

4. Grantee shall pay to Grantor, 24.36% of the real estate taxes assessed on the land at 1000 Cameron Street.

(Emphasis added.)

McCarthy initiated this action to seek a declaration that the Easement Agreement granted it the right to bar Burgher from any use of the easement area. The circuit court found that the Easement Agreement was unambiguous and that it did not bar Burgher's concurrent use of the easement area. The circuit court noted that its finding regarding the unambiguity of the Easement Agreement was based solely upon the language used in the Easement Agreement. The circuit court also stated, however, that its holding was consistent with the intent manifested by the parties.

## Analysis

McCarthy argues that the circuit court erred in construing the Easement Agreement. Specifically, McCarthy contends that by granting "exclusive use," the express terms of the Easement Agreement conveyed a fee interest, as a matter of law, and permit McCarthy, as owner of the dominant estate, to bar Burgher, the owner of the servient estate, from using the easement area.

3

McCarthy relies on this Court's statements in Walton v. Capital Land, Inc., 252 Va. 324, 477 S.E.2d 499 (1996), to support its argument that the Easement Agreement effectively transferred a fee interest. In Walton, this Court stated:

> If a conveyance grants the right to exclusive use of all or part of the servient estate for all purposes, the owner of the servient estate is stripped of his right to use the land. Conveyances of this sort are generally considered to effectively transfer an interest in fee, not an easement, and are not favored. If, however, the conveyance limits exclusive use of all or part of the servient estate to a particular purpose, the conveyance is an easement and the servient landowner retains the right to use the land in ways not inconsistent with the uses granted in the easement.

Id. at 326-27, 477 S.E.2d at 501 (emphasis in original). McCarthy asserts that because the Easement Agreement granted it exclusive use and did not limit use of the easement to a particular purpose, the Easement Agreement transferred a fee simple interest as a matter of law, and the servient estate has no right to any use of the easement area. We disagree.

The circuit court's ruling that the Easement Agreement is unambiguous has not been appealed and is not in dispute. This Court applies a de novo standard of review when interpreting an unambiguous contract. PMA Capital Ins. Co. v. US Airways, Inc., 271 Va. 352, 357-58, 626 S.E.2d 369, 372 (2006). "The contract is construed as written, without adding terms that were not included by the parties." Id. at 358, 626 S.E.2d at

4

372.  "No word or clause in the contract will be treated as meaningless if a reasonable meaning can be given to it, and there is a presumption that the parties have not used words needlessly."  Id. at 358, 626 S.E.2d at 372-73 (internal quotation marks omitted).

The relevant document is entitled "Easement Agreement" and uses the term easement ten times in describing the conveyance which is the subject of the document.  An easement "is a privilege to use the land of another in a particular manner and for a particular purpose."  Brown v. Haley, 233 Va. 210, 216, 355 S.E.2d 563, 567-68 (1987); see also Russakoff v. Scruggs, 241 Va. 135, 138, 400 S.E.2d 529, 531 (1991) (noting that "[e]asements are not ownership interests in the servient tract"); Restatement of Property § 471, cmt. b (1944) ("An easement does not entitle the owner, either presently or prospectively, to the exclusive occupation of any portion of the earth's surface.").  An easement "creates a burden on the servient tract and requires that the owner of that land refrain from interfering with the privilege conferred for the benefit of the dominant tract."  Brown, 233 Va. at 216, 355 S.E.2d at 568.

In this instance, the Easement Agreement grants the dominant estate "exclusive use" of the easement area.  The general principles regarding easements must be reconciled with

5

the plain meaning of the words used in the Easement Agreement. "Ordinarily, when a tract of land is subjected to an easement, the servient owner may make any use of the land that does not unreasonably interfere with the use and enjoyment of the easement." Preshlock v. Brenner, 234 Va. 407, 410, 362 S.E.2d 696, 698 (1987). Thus, the servient owner retains the right to grant easements in the same land to other persons. Id. "If the first easement is not exclusive, subsequent concurrent easements that are not unreasonably burdensome or inconsistent with the original easement are valid." Id. The Easement Agreement provided "exclusive use" to the dominant estate. The term "exclusive" prohibits Burgher from granting an easement over the relevant piece of property to any party other than the owner of 1006 Cameron Street. However, the term "exclusive" in an easement agreement does not deny the servient estate its right to use the easement area, unless such use unreasonably interferes with the use and enjoyment of the easement. See Walton, 252 Va. at 326, 477 S.E.2d at 501.

The language in Walton cited by McCarthy does not support the proposition that the conveyance of an exclusive easement without specifically limiting the use of the easement results in the transfer of a fee interest. Transfer of a fee interest by the conveyance of an easement is limited to the instance in which the easement is stated to be for any purpose, because

6

when an easement is granted to be used for any purpose, any use of the property by the owner of the servient estate would interfere with the use granted and is thus prohibited. Such is not necessarily the case when the purpose of the easement is not specifically stated in or limited by the conveyance. Failure of a conveyance to state the purpose of an easement is not the equivalent of granting an easement that may be used for any purpose.

This Court has stated:

> Generally, when an easement is created by grant or reservation and the instrument creating the easement does not limit its use, the easement may be used for any purpose to which the dominant estate may then, or in the future, reasonably be devoted. However, this general rule is subject to the qualification that no use may be made of the easement, different from that established when the easement was created, which imposes an additional burden on the servient estate.

Shooting Point, L.L.C. v. Wescoat, 265 Va. 256, 266, 576 S.E.2d 497, 502-03 (2003) (internal quotation marks and citations omitted); see also Walton, 252 Va. at 326, 477 S.E.2d at 501 (stating "we have repeatedly held that the owner of the servient estate retains the right to use his land in any manner which does not unreasonably interfere with the use granted in the easement."). Contrary to McCarthy's assertion, an easement can be conveyed without limitations on use by the dominant estate and remain an easement limited to the use established when the easement was created.

7

Conveyances of an easement that effectively transfer a fee, not an easement, are not favored. Walton, 252 Va. at 326, 477 S.E.2d at 501. Such conveyances are limited to the instance in which the conveyance grants the right to exclusive use of all or part of the servient estate for all purposes. The Easement Agreement does not state that the easement may be used for all purposes. In fact, neither the purpose of the easement, nor the extent of the privilege conferred for the benefit of the dominant tract, is stated in the Easement Agreement. Thus, it cannot be stated, as a matter of law, that the Easement Agreement allows McCarthy to bar Burgher from any use of the easement area. The circuit court did not err in denying McCarthy's request to bar Burgher, as a matter of law, from any use of the easement area, based upon the Easement Agreement.

McCarthy's remaining arguments also lack merit. First, McCarthy contends that the circuit court erred by finding that McCarthy did not intend to exclude Burgher from the easement area. The circuit court found that the Easement Agreement was unambiguous; neither party challenged that finding. "When the meaning of language in a contract is clear and unambiguous, as it is here, the contract needs no interpretation, and the 'intention of the parties must be determined from what they actually say and not from what it may be supposed they intended

8

to say.' " Sully Station II Cmty. Ass'n, Inc. v. Dye, 259 Va. 282, 284, 525 S.E.2d 555, 556 (2000) (quoting Carter v. Carter, 202 Va. 892, 896, 121 S.E.2d 482, 485 (1961)).  In the instant case, the circuit court expressly noted that its interpretation of the Easement Agreement was based upon the language used therein.  The circuit court's brief reference to the parties' intention does not suggest that the circuit court improperly considered parol evidence in interpreting the Easement Agreement.

Second, McCarthy argues that the circuit court erred by not dismissing Burgher's request for payment of 2009 real estate taxes, with prejudice, after the circuit court concluded that Burgher failed to meet his burden of proof.  This issue has been rendered moot because McCarthy paid the 2009 real estate taxes in question, after the circuit court's entry of the final order.  "[M]ootness has two aspects:  when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." United States Parole Comm'n v. Geraghty, 445 U.S. 388, 396 (1980) (internal quotation marks omitted).  "Whenever it appears or is made to appear that there is no actual controversy between the litigants, or that, if it once existed it has ceased to do so, it is the duty of every judicial tribunal not to proceed to the formal determination of the apparent controversy, but to

9

dismiss the case." Hankins v. Town of Virginia Beach, 182 Va. 642, 643, 29 S.E.2d 831, 832 (1944) (internal quotation marks omitted). Because McCarthy paid the 2009 property taxes, there is no live controversy between the parties as to that issue. Therefore, the Court declines to consider the merits of the alleged error concerning the matter.

Conclusion

Accordingly, for the reasons stated, we will affirm the circuit court's judgment.

Affirmed.

JUSTICE MIMS, dissenting.

I dissent. In Walton v. Capital Land, Inc., we held that where a landowner reserved an "exclusive easement" that was limited to the narrow purpose of a "right of way for . . . ingress and egress," he did not reserve the right to exclude the grantee. 252 Va. 324, 325, 327, 477 S.E.2d 499, 500, 501 (1996). However, in dicta we explained that where a conveyance "grants the right to exclusive use of all or part of the servient estate for all purposes, the owner of the servient estate is stripped of his right to use the land." Id. at 326, 477 S.E.2d at 501 (emphasis in original). That dicta did not assign a talismanic meaning to the phrase "for all purposes."

The instrument in this case, unlike in Walton, broadly conveyed "exclusive use" without limiting such use to any

10

particular purposes.  The majority finds that the omission of "for all purposes" after "exclusive" equates to a grant for a particular purpose as in <u>Walton</u>.  I cannot agree.  The term "exclusive use" is clear, unambiguous, and absolute. Adjectives such as "exclusive" and "unique" are not subject to modification by adverbs to become more so.  A condition that is exclusive cannot be modified to be more exclusive.  The definition of exclusive in this context is "limiting or limited to possession, control, or use (as by a single individual or organization or by a special group or class)."  Webster's Third New International Dictionary 793 (1993).  Limiting the possession, control, and use in this case logically excludes Burgher.