# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

City of Chesapeake

v.

KH HR Two Great Bridge, L.L.C.,
and Parcel 138

June 9, 2015

Case No. (Civil) CL12-1779

BY JUDGE TIMOTHY S. WRIGHT

This matter is before the Court on the Landowner's motion to dismiss the City's petition for condemnation. Following the consideration of extensive briefing and the arguments of counsel in court, the Court grants the Landowner's motion and dismisses the petition without prejudice.

## Background

The City of Chesapeake filed a petition for condemnation and for appointment of commissioners or empaneling of a jury on July 25, 2012, against KH HR Two Great Bridge, L.L.C., and Parcel 138, a franchise and public utility easement containing 2,153 square feet. The matter was set for a two-day jury trial on March 9–10, 2015. On the second day of trial, the City filed a motion for leave to amend the certificate of take pursuant to Va. Code § 25.1-312, and a motion to amend the petition for condemnation pursuant to Va. Code § 25.1-216, seeking to reduce the value of the rights taken by removing the possibility that the respondent's parking would be impacted, thereby reducing the City's monetary obligation to the Landowner. The Landowner moved to dismiss the petition on grounds that it sought more property than necessary. The Court orally granted the City's motions and denied the Landowner's motion to dismiss, continuing the matter until May 18, 2015.

The Court additionally ruled that the City would be responsible for reimbursement of the difference in expenses and costs incurred by the landowner, if any, resulting from preparation for the initial petition as compared to what would have been required to prepare for the amended petition. Both sides subsequently filed motions seeking entry of orders that

they felt reflected the Court's oral rulings; neither order was entered. The City thereafter withdrew its motion for leave to amend on the basis that it did not wish to pay costs as ordered by the Court, and the Landowner again moved to invalidate the certificate of take. The Court received briefs from both parties, as well as a motion filed by the City, seeking a ruling on the character of the estate at issue in this litigation. At oral argument on May 20, 2015, the Court ruled that the estate sought by the City is an easement, not a fee, and proceeded to address the Landowner's motion to invalidate the certificate of take and dismiss the matter. Throughout oral argument, the City maintained that its amended petition is not materially different from the initial condemnation petition, but rather was meant as "clarification" or "education" for the Court and the Landowner regarding the property sought.

### Analysis

The due process clause of the Constitution of Virginia, article 1, § 11, provides that where private property is damaged or taken for public use, "No more private property may be taken than necessary to achieve the stated public use." Va. Code § 1-219.1(C), limitations on eminent domain, likewise echoes the constitutional directive, and the statute further provides that its provisions "shall control to the extent there are any inconsistencies between this section and any other general or special law. . . ." *Id.* § 1-219.1(H). "Property" is defined to encompass "land and personal property, and any right, title, interest, estate, or claim in or to such property." Va. Code § 25.1-100. These general pronouncements guide the Court in its analysis of the instant case.

At issue in this matter is whether the City's petition seeks to take more property than is necessary to achieve the stated public use: a utility easement. The Landowner has alleged that the condemnor has arbitrarily and capriciously elected to do exactly that, and, therefore, bears the burden of presenting evidence and the burden of persuasion on the issue. *Hamer v. School Bd. of the City of Chesapeake,* 240 Va. 66, 71–72 (1990). The Court determined, on May 20th, that the Landowner met its burden and established a *prima facie* case, thereby shifting to the City the burden of presenting evidence to show that the issue was "fairly debatable." *Id.* at 72.

The City's initial petition and certificate sought a franchise and public utility easement for the relocation of facilities belonging to Dominion Virginia Power and Verizon Virginia, Inc. In its motion for leave to amend, the City represented: "Subsequent to the recording of the certificate, it has been determined that there is a necessity to change the certificate to include language that reserves unto the landowner certain rights in the franchise and public utility easement." The amended petition and certificate, attached to the motion, each contained the following additional language:

Whereas, KH HR Two Great Bridge, L.L.C., shall retain the right to construct on the easement driveway, fences, landscaping, paving, parking, sidewalks, curbing, gutters, street signs, below ground obstructions, drive aisles, and parking lots; shall retain the right to maintain any existing paving, existing sidewalks, existing drive aisles, existing curbing and gutters and existing signs; subject to Dominion Virginia Power and Verizon Virginia, Inc.,'s rights stated herein; and

Whereas, Dominion Virginia Power and Verizon Virginia, Inc., shall restore the property as nearly as reasonably practicable to the condition of the property existing immediately prior to the commencement of the work to construct, inspect, or maintain its facilities; and

Whereas, Dominion Virginia Power and Verizon Virginia, Inc., agree to indemnify, protect, hold harmless KH HR Two Great Bridge, L.L.C., its employees, or agents from and against all claims, actions, losses, damages, costs, expenses, and liabilities that arise directly out of injury to or death of any person or loss of or damage to KH HR Two Great Bridge, L.L.C.,'s real or personal property in or upon the easement or KH HR Two Great Bridge, L.L.C.,'s contiguous area, including the person or property of KH HR Two Great Bridge, L.L.C., its employees, and agents, to the extent such injury, death, loss or damages is proximately caused by the gross negligence or willful misconduct of Dominion Virginia Power, its employees or agents. . . .

Now, therefore . . . KH HR Two Great Bridge, L.L.C., shall retain the right to construct on the easement driveway, fences, landscaping, paving, parking, sidewalks, curbing, gutters, street signs, below ground obstructions, drive aisles, and parking lots; shall retain the right to maintain any existing paving, existing sidewalks, existing drive aisles, existing curbing and gutters, and existing signs; subject to Dominion Virginia Power and Verizon Virginia, Inc.,'s rights stated herein; and Dominion Virginia Power and Verizon Virginia, Inc., shall restore the property as nearly as reasonably practicable to the condition of the property, existing immediately prior to the commencement of the work to construct, inspect, or maintain its facilities; and Dominion Virginia Power and Verizon Virginia, Inc., agree to indemnify, protect, hold harmless KH HR Two Great Bridge, L.L.C., its employees, or agents from and against all claims, actions, losses, damages, costs, expenses, and liabilities that arise directly out of injury to or

death of any person or loss of or damage to KH HR Two Great Bridge, L.L.C.,'s real or personal property in or upon the easement or KH HR Two Great Bridge, L.L.C.,'s contiguous area, including the person or property of KH HR Two Great Bridge, L.L.C., its employees, and agents, to the extent such injury, death, loss, or damages proximately caused by the gross negligence or willful misconduct of Dominion Virginia Power, its employees, or agents.

The City now maintains that the original certificate merely acquired a nonexclusive easement in gross and as a result, amendment was unnecessary; the limiting language had no legal effect. In support of its position, the City classifies the property rights acquired by the certificate as "an easement for the construction, operation, and maintenance of powerline and telephone facilities, including any and all necessary attachments and appurtenances thereto. . . ."

However, the City, by its motion to amend and filing of the amended petition, in effect admitted that the initial petition sought more property than was necessary to achieve the stated public purpose. The above-described initial easement is broader in scope than the one described in the amended certificate, as the latter expressly reserves specified rights to the landowner, which could otherwise be inconsistent with the "operation and maintenance of powerline and telephone facilities, including any and all necessary attachments and appurtenances thereto. . . ." It is on this basis, and the legal principles stated below that the Court determined that the Landowner made a *prima facie* case.

The City subsequently presented evidence from Bill Sleasman of Virginia Dominion Power regarding the easement. His testimony indicated that, although Dominion has no plan to erect above ground structures, Dominion wishes to retain the right to put such structures within the easement.

This testimony in fact supports the Landowner's position. Although easements are narrowly construed, they may vary in scope. *See, e.g., Anderson v. Delore,* 278 Va. 251, 257 (2009) ("A deed may expressly create an easement but fail to define specifically its dimensions. When this situation occurs, and the deed language does not state the object or purpose of the easement, the determination of the easement's scope is made by reference to the intention of the parties to the grant, ascertained from the circumstances pertaining to the parties and the land at the time of the grant. However, if the granting language states the object or purpose of the easement, the dimensions of the easement may be inferred to be such as are reasonably sufficient for the accomplishment of that object.") (internal citations and quotation marks omitted); *Walton v. Capital Land,* 252 Va. 324, 326 (1996) ("In determining the scope of an easement, [the Supreme Court of Virginia has] repeatedly held that the owner of the servient estate retains the right to use his land in any manner which does not unreasonably

interfere with the use granted in the easement."). Additionally, as is relevant in the case at bar, the owner of the underlying fee is not indemnified by the easement holder unless the document creating the easement expressly contains such language. *Seaboard Air Line RR. v. Richmond-Petersburg Tpk. Auth.*, 202 Va. 1029, 1030, 1034 (1961). The initial petition contained no indemnity language, whereas the amended petition did.

The City's motion for and filing of an amended petition and certificate, substantially different from the initial petition and certificate, followed by an insistence that there is no legal difference between the documents, demonstrate that the City in fact is attempting to take more property than is necessary to achieve the stated public purpose. The Court grants the Landowner's motion to dismiss the petition without prejudice, and will allow the recovery of fees and costs pursuant to Va. Code § 25.1-419. A hearing for this purpose shall be set by agreement of counsel at the earliest mutually available date and time.