COURT OF APPEALS OF VIRGINIA

Present: Judges AtLee, Lorish and Frucci
Argued at Norfolk, Virginia

PUBLISHED

CHRISTOPHER MICHAEL MILLSPAUGH

v.      Record No. 2058-24-1

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE LISA M. LORISH
SEPTEMBER 2, 2025

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Robert G. MacDonald, Judge

Timothy Anderson (Anderson & Associates, PC, on briefs), for
appellant.

David A. Vitto, Assistant Commonwealth's Attorney, for appellee.

Code § 19.2-152.13 allows for a court, "upon a finding that there is probable cause to believe that a person poses a substantial risk of personal injury to himself or others in the near future by such person's possession or acquisition of a firearm," to issue an emergency substantial risk order (ESRO). An ESRO "prohibit[s] the person who is subject to the order from purchasing, possessing, or transporting a firearm for the duration of the order" and "expire[s] at 11:59 p.m. on the fourteenth day following issuance of the order." Code § 19.2-152.13. Christopher Michael Millspaugh argues that the court erred by improperly extending his ESRO beyond 14 days. But because the ESRO in question expired on December 11, 2024, no live controversy remains before us. Because no exception to the mootness doctrine applies, based on the record before us, we dismiss the appeal as moot.

BACKGROUND

On October 1, 2024, the Chesapeake Circuit Court issued an ESRO under Code § 19.2-152.13 after finding probable cause to believe that Millspaugh posed a substantial risk of personal injury to himself or others by his possession of a firearm.[1] That order was set to expire 14 days later, on October 15. Meanwhile, Millspaugh was admitted to a psychiatric hospital. The court then issued a second emergency order on October 15, set to expire on October 28.[2] On October 28, the court extended the second ESRO until November 7, "upon motion of [Millspaugh] and for good cause shown," because Millspaugh was still in a psychiatric hospital. Then, on November 7, the court issued another order extending the ESRO until November 20 because Millspaugh failed to appear that day. Finally, on November 20, on Millspaugh's motion, the court extended the ESRO until December 11 for "good cause" to give him enough time to speak with an attorney.

On December 11, the court held a hearing on whether to again extend the ESRO, enter a non-emergency substantial risk order under Code § 19.2-152.14,[3] or abandon the orders altogether. At the hearing, the Commonwealth explained that it was not seeking an extension or non-emergency substantial risk order because Millspaugh's involuntary commitment to a psychiatric hospital would already prohibit him from possessing firearms under Code § 18.2-308.1:3. Millspaugh, through counsel, countered that the November 20 extension order was unlawful because it extended the ESRO past 14 days and asked that it be vacated. While the court was "not

---

[1] The petition for the order explained that an officer responded to a complaint about an armed subject on September 30, 2024 and found Millspaugh in the driveway with a pistol. When the officer told him to put the weapon down, Millspaugh put the gun to his head and held it "to the side of his head over an hour."

[2] This order did not state that it was an extension of the previous order.

[3] A substantial risk order under Code § 19.2-152.14 "may be issued for a specified period of time up to a maximum of 180 days."

[in] disagreement" with Millspaugh's position, it denied his motion to vacate the November 20 order. Millspaugh appeals.

Before argument, this Court asked the parties to file supplemental briefing on whether Millspaugh's appeal is moot given that the challenged ESRO expired under its own terms on December 11, 2024. The Commonwealth argues that the appeal is moot, but Millspaugh asks us to apply the "capable of repetition yet evading review" exception to the mootness doctrine. He contends that ESROs are "too short in duration to be fully litigated" before expiring and that "there is a reasonable expectation that the appellant, or similarly situated individuals," may be affected by the same legal violation.

ANALYSIS

The ESRO that Millspaugh challenges on appeal was originally enacted on October 15, 2024 and extended several times until it expired on December 11, 2024. Millspaugh does not argue that the court erred in granting the ESRO in the first place, only that the court improperly extended it three times, with each extension adding 14 days to the original order.

"A question is moot when 'the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Bd. of Supervisors v. Ratcliff*, 298 Va. 622, 622 (2020) (quoting *McCarthy Holdings LLC v. Burgher*, 282 Va. 267, 275 (2011)). A case may present a live controversy when filed but become moot while the case is pending. "For example, changing events during litigation may make it impossible for a court to award a litigant the relief requested. A case is moot if the relief requested by a litigant can no longer be granted." *Berry v. Bd. of Supervisors*, 302 Va. 114, 129 (2023); *see also Va. Mfrs. Ass'n v. Northam*, 74 Va. App. 1, 19 (2021) ("No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute 'is no longer embedded in any actual

controversy about [appellants'] particular legal rights.'" (alteration in original) (internal citation omitted)).

An exception to the mootness doctrine exists where the issue is likely to occur again but would evade judicial review due to its short-lived nature. This is called the "capable of repetition, yet evading review" exception, and it applies only in cases "involving disputes of abbreviated duration where the party seeking review 'can make a reasonable showing that he will again be subjected to the alleged illegality.'" *Williams v. Legere*, 77 Va. App. 422, 439 (2023) (quoting *Va. Dep't of State Police v. Elliott*, 48 Va. App. 551, 554 (2006)). The appellant must demonstrate that "(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that *the same complaining party* would be subjected to the same action again." *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (emphasis added). The second prong requires more than "a mere physical or theoretical possibility"; rather, "there must be a 'reasonable expectation' or a 'demonstrated probability' that the same controversy will recur involving *the same complaining party*." *Murphy v. Hunt*, 455 U.S. 478, 482 (1982) (emphasis added) (quoting *Weinstein*, 423 U.S. at 149).

Given these considerations, Millspaugh's appeal is moot. The ESRO's length no longer presents a live controversy for this Court because Millspaugh is no longer subject to the ESRO. As a result, even if we agree with Millspaugh that the order should have been limited to only 14 days, there is no relief we can grant because we cannot "undo" the fact that he was subject to the order for extra time. In this way, his appeal is moot for the same reasons that an appeal challenging the length of a completed sentence is moot. "After a sentence has been fully served, the 'incarceration cannot be "undone" by the [appellate] Court.'" *Harris v. Commonwealth*, 85 Va. App. 497, 507 (2025) (alteration in original) (quoting *Commonwealth v. Browne*, 303 Va. 90, 94 (2024)). And this is the same conclusion we reached about a challenge to a 180-day treatment order that had "expired

under its own terms," rendering the issues no longer live. *Ingram v. Commonwealth*, 62 Va. App. 14, 20 (2013).

Sometimes, however, there are collateral consequences that stem from an error and prevent a controversy from becoming moot. Even if someone has finished serving a sentence, an appeal seeking to "invalidate a conviction or adjudication altogether is not moot because the impact of the conviction itself is a collateral consequence that is 'sufficient to sustain a continued controversy.'" *Harris*, 85 Va. App. at 507 n.4 (quoting *E.C. v. Va. Dep't of Juvenile Justice*, 283 Va. 522, 536 (2012)). Millspaugh argued below that the existence of the ESRO would impact his ability to restore his gun rights in the future. But on appeal, Millspaugh challenges only the length of the ESRO, not that it was improperly issued in the first place. And Millspaugh has not advanced any arguments that the extension of the ESRO, as compared to its issuance, would have any continuing impact.

We also find the "capable of repetition, yet evading review" exception inapplicable here. It is true that because an ESRO is limited to only 14 days under Code § 19.2-152.13(D), a challenge to the court's ability to extend the order will likely "evade review," even with extensions of the order. But Millspaugh has failed to show that there is a "demonstrated probability" that *he* will be subjected to the same alleged illegality again. *Murphy*, 455 U.S. at 482. Millspaugh does not argue, for example, that a new ESRO order will likely be issued against him in the future and then extended for more than 14 days. *Contrast Williams*, 77 Va. App. at 439-40 (applying the "capable of repetition, yet evading review" exception where appellant "has expressed an intent to file future referendum petitions, and the City has shown no indication that it will not enforce the [challenged] statutory requirement in the future"); *Ingram*, 62 Va. App. at 23 (explaining that "[d]eclared legally insane nearly twenty years ago, Ingram will likely be the subject of future treatment petitions" that would "introduce exactly the same jury issue"). And given that involuntary commitment already

triggers a ban on the possession of firearms under Code § 18.2-308.1:3, it may be even less likely that Millspaugh would be subject to a future ESRO to prevent him from possessing a firearm.

Instead, Millspaugh makes nonspecific statements that there is "potential [for the issue] to recur" and that "there is a reasonable expectation of recurrence, as similar unlawful extensions could be imposed in future cases" affecting Millspaugh or other individuals. These statements are not enough to trigger the "narrow" mootness exception for violations that are "capable of repetition" because they fail to provide the necessary details showing that Millspaugh himself will face the same controversy again. *Browne*, 303 Va. at 95.[4]

## CONCLUSION

"'[D]ismissal is the proper remedy' when an event occurs while a case is pending on appeal that renders it moot—that is, 'renders it impossible' for this Court to grant appellant the relief requested." *Hollowell v. Va. Marine Res. Comm'n*, 56 Va. App. 70, 77-78 (2010) (quoting *Jackson v. Marshall*, 19 Va. App. 628, 635 (1995)). Because Millspaugh has failed to show that an exception to the mootness doctrine applies to his case, we dismiss his appeal.

*Dismissed*.

---

[4] Millspaugh incorrectly argues that the importance of the constitutional rights at stake—here, his Second Amendment rights—forms another exception to the mootness doctrine. He suggests this was the holding in *Daily Press, Inc. v. Commonwealth*, 285 Va. 447, 454 (2013), but the mootness analysis there did not turn on the fact that First Amendment rights were implicated. Instead, it hinged on the fact that the newspaper was likely to be subject to similar sealing orders from the same circuit court in the future, given its coverage of criminal cases in the court's jurisdiction and the court's routine process of sealing exhibits in criminal cases. *Id.* In other words, the alleged legal violation was capable of repetition *for the same appellant*. By contrast, Millspaugh fails to show that he would be similarly likely to face the same purportedly unlawful extension of the ESRO.